UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

GEORGE BENN,

                        Plaintiff,

        -against-

THE CITY OF NEW YORK, DET. FELIX CRUZ,
Shield No. 1454, Individually and in his Official Capacity,
DET. GERARD DIMURO, Shield No. 2615, Individually
and in his Official Capacity, DET. "JOHN DOEs" 1-2 of the 23rd
Precinct of the New York City Police Department,
Individually and in their Official Capacities, CORRECTIONS
DEPARTMENT CAPTAIN DELROY MORRISON, Shield
No. 1293, Individually and in his Official Capacity, C.O. XAVIER
MCNEIL, Shield No. 12860, Individually and in his Official
Capacity, C.O. MATTHEW LANDOW, Shield No. 10333,
Individually and in his Official Capacity, C.O. JONATHEN
POWELL, Shield No. 6313, Individually and in his Official
Capacity, C.O. JERMAIN PHILLIPS, Shield No. 8052,
Individually and in his Official Capacity, CO. GORDON
NOEL, Shield No. 3784, Individually and in his Official Capacity
C.O. SANDRA MURRAY, Shield No. 4672, Individually and
in her Official Capacity,

                        Defendants.
_____

                                  COMPLAINT
                                  JURY TRIAL DEMANDED

Plaintiff, GEORGE BENN, by and through his attorneys, CHARLES A. ROSS & ASSOCIATES, as and for his Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b) in that this is the District in which the claims arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff, GEORGE BENN, is, and has been, at all relevant times, a resident of the City and State of New York.

7.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9.    At all times hereinafter mentioned the individually named defendant police officers were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.   Defendant, THE CITY OF NEW YORK, maintains the New York City Corrections Department, a duly authorized public authority and/or corrections department, authorized to perform all functions of a corrections department as per the applicable sections of New York Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

11.   At all times hereinafter mentioned the individually named defendant corrections officers were duly sworn corrections officers of said department and were acting under the supervision of said department and according to their official duties.

12.   At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

13.   Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

14.   Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

### The April 19, 2013 Arrest and Continued Confinement through December 21, 2016

15.     On or about December 7, 2009 at approximately 5:30 p.m. in the vicinity of 425 East 110 Street in New York, New York, non-party Willis Bennett was killed in a shooting.

16.     The plaintiff, George Benn, took no part in Mr. Bennett's death and specifically was not, as was later alleged in court documents, the shooter.

17.     Detectives from the 23rd precinct in New York, New York, including Detectives DiMuro and Cruz, conducted the investigation into Mr. Bennett's death.

18.     Those Detectives were responsible for conducting interviews and gathering evidence and providing that information to prosecutors.

19.     During the course of their investigation, the defendant NYPD Detectives filed reports indicating a "rumor on the street" that Mr. Benn was involved in in Mr. Bennet's death.

20.     The Defendant Detectives proceeded to attempt to "fit" the evidence to the theory that George Benn was involved in the death of Willis Bennett.

21.     In doing so, the Defendant Detectives fabricated witness statements and evidence to support their theory.

22.     During the course of their investigation, the defendant NYPD Detectives, including Detectives DiMuro and Cruz, conducted interviews and collected evidence that directly contradicted the notion that Mr. Benn was involved in Mr. Bennett's death.

23.     The defendant NYPD Detectives, including Detectives DiMuro and Cruz, knowingly and intentionally suppressed evidence indicating that Mr. Benn was not involved in Mr. Bennett's death including DNA evidence indicating that Mr. Benn was not responsible.

24.     Specifically, among other actions, the defendant NYPD Detectives intentionally failed to write a report or create documents according to NYPD protocol documenting a May 2, 2011 interview with an eye witness of the shooting where that witness specifically and explicitly named another individual as the shooter.

25.     As a result of their intentional failure to create documents, specifically, a DD-5 report, of the May 2, 2011 interview, prosecuting attorneys were not aware that the interview had taken place or of the contents of that interview.

26.     That specific instance proved crucial as the individual identified in the May 2, 2011 interview later confessed.

27.     The defendant NYPD Detectives repeated this pattern in suppressing, ignoring, and failing to forward exculpatory information to prosecutors.

28.     As a result of their intentional and knowing efforts to "fit" the evidence to the theory that George Benn was involved in Mr. Bennett's death, the defendant detectives failed to pursue leads or gather evidence indicating that other individuals were responsible for the shooting.

29.     The defendant detectives failed to turn over video of the incident to prosecutors or Mr. Benn's defense counsel.

30.     As a result of the defendant Detectives' actions, on April 19, 2013, the plaintiff, George Benn, was arrested and charged with the murder of Willis Bennett.

31.     On April 29, 2013, at Mr. Benn's arraignment in New York County Supreme Court, prosecutors turned over documents indicating they were not in possession of any exculpatory material indicating that Mr. Benn was not involved in Mr. Bennett's death.

32.     Attorneys for the prosecution, and subsequently for Mr. Benn's defense, did not learn of the defendant NYPD Detectives' actions until approximately August of 2016.

33.     Prosecutors forwarded handwritten notes of the May 2, 2011 interview to defense counsel on August 29, 2016, marking the first time that Mr. Benn did or could have learned of the defendant NYPD Detectives' actions.

34.     Additionally, defendants fabricated evidence and documents including but not limited to the criminal complaint, which was signed by defendant Detective Cruz.

35.     In sum, defendants failed to disclose evidence inconsistent with plaintiff's guilt, did not document or inform the district attorney's office of exculpatory evidence, falsely reported facts in reports, and fabricated oral statements of witnesses.

36.     It was apparent, from the sum of evidence before the defendant NYPD Detectives, including but not limited to Detectives Cruz and DiMuro, that at the time of his arrest and the initiation of proceedings against him, that Mr. Benn was in fact innocent.

37.     As the defendant Detectives worked together on the relevant investigation, they were aware of the suppression and fabrication of evidence by their fellow NYPD detectives.

38.     Those defendant NYPD Detectives failed to alert supervisors or take other reasonable steps to bring the unlawful actions of their colleagues to the attention of the appropriate authorities even though they were presented with the reasonable opportunity to do so every day they reported to their precinct.

39.     Mr. Benn remained in custody from the time of his arrest until he was released from custody on December 21, 2016.

40.     On June 15, 2017 all charges relating to the December 7, 2009 incident were dismissed in their entirety against Mr. Benn, when the district attorney withdrew the case against him.

41.     As a result of his confinement, Mr. Benn sustained a substantial loss of liberty, emotional distress, anxiety, depression, was unable to attend his mother's funeral, and suffered shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

**The February 19, 2015 Incident**

42.     On February 19, 2015, and as a direct result of his April 19, 2013 arrest, plaintiff, George Benn, was in custody on Rikers Island in the City of New York.

43.     At approximately 3:55 p.m. on that date, the above captioned defendant Corrections Officers entered Mr. Benn's cell.

44.     The defendant Corrections Officers proceeded to secure Mr. Benn's arms and feet and to strike him about the body and face.

45.     The defendant Corrections Officers caused Mr. Benn substantial injuries including, but not limited to a broken nose.

46.     Mr. Benn did not pose a physical threat to the defendant Officers and the amount of force used against him was excessive and unnecessary.

47.     The force employed by the defendant Corrections Officers was objectively unreasonable and was not privileged in any way.

48.     The above-named defendant Corrections Officers, who were present during the above described encounter, all failed to take reasonably available steps to prevent the physical assault on plaintiff.

49.     As a result of the foregoing, plaintiff sustained, *inter alia*, physical injury, emotional distress, embarrassment, anxiety, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

50.     All of the aforementioned acts of all of the defendants, their agents, servants, and employees, were carried out under the color of state law.

51.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. § 1983.

52.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers or corrections officers with all the actual and/or apparent authority attendant thereto.

53.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers or corrections officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York the New York City Police Department, and the New York City Department of Corrections, all under the supervision of ranking officers of said departments.

54.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## *CLAIMS RELATED TO THE APRIL 19, 2013 ARREST AND CONTINUED CONFINEMENT*

### First Claim For Relief For Malicious Prosecution Under 42 U.S.C. § 1983

55.     Plaintiff GEORGE BENN repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length as against the defendant Detectives DiMuro, Cruz and as yet unidentified Detectives of the 23rd Precinct.

56.     Those defendants misrepresented and falsified evidence before the New York County District Attorney.

57.     Those defendants did not make a complete and full statement of facts to the District Attorney.

58.     Those defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

59.     Those defendants knowingly and intentionally withheld exculpatory evidence from the District Attorney

60.     Those defendants lacked probable cause to initiate criminal proceedings against plaintiff.

61.     Those defendants acted with malice in initiating criminal proceedings against plaintiff.

62.     Those defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

63.     Those defendants lacked probable cause to continue criminal proceedings against plaintiff.

9

64.     Those defendants withheld, misrepresented, and falsified evidence throughout all phases of the criminal proceedings.

65.     Notwithstanding the above-described conduct of those defendants, the criminal proceedings were terminated in plaintiff's favor on June 15, 2017.

66.     As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected physical restraints without probable cause.

**Second Claim For Unreasonably Prolonged Detention Under**
**42 U.S.C. § 1983**

67.     Plaintiff GEORGE BENN repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length as against the defendant Detectives DiMuro, Cruz and as yet unidentified Detectives of the 23rd Precinct.

68.     The defendant Detectives knowingly and intentionally mishandled and suppressed exculpatory evidence, as described above.

69.     Plaintiff maintained a right to be free from continued detention stemming from the defendants' mishandling and suppression of exculpatory evidence.

70.     The actions of the officers violated that right.

71.     The defendants' actions, as described above, shock the conscience; because of the defendant Detectives' actions, Mr. Benn was confined on Rikers Island for over three-and-a-half years.

72.     As a result of the foregoing, plaintiff, George Benn, suffered deprivation of his liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## Third Claim For Violation Of Procedural Due Process Under
## 42 U.S.C. § 1983

73.     Plaintiff GEORGE BENN repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length as against the defendant Detectives DiMuro, Cruz and as yet unidentified Detectives of the 23rd Precinct.

74.     The defendant detectives violated Mr. Benn's constitutional right to a fair trial.

75.     The defendant detectives intentionally and knowingly withheld and suppressed exculpatory evidence as described above.

76.     The defendant detectives separately violated Mr. Benn's Procedural Due Process right in fabricating evidence. Those actions involved, *inter alia*, documents prepared in the detective defendants' official capacities including but not limited to DD-5 reports and the criminal complaint.

77.     That fabricated evidence directly caused the prosecution to continue pursuing charges against Mr. Benn and would have influenced a jury, had it been presented at trial.

78.     The defendant NYPD Detectives forwarded that fabricated evidence to prosecutors knowingly and intentionally.

79.     As a result of the defendant NYPD Detectives' actions, Mr. Benn was continuously confined as described above.

80.     As a result of the foregoing, plaintiff, George Benn, suffered deprivation of his liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

### Fourth Claim For Violation Of Plaintiff's Right To A Speedy Trial
### Under 42 U.S.C. § 1983

81.     Plaintiff George Benn repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length as against the defendant Detectives DiMuro, Cruz and as yet unidentified Detectives of the 23rd Precinct.

82.     Defendant NYPD Detectives failed to provide prosecutors and the court with the evidence they suppressed on an ongoing basis.

83.     Defendant NYPD Detectives failed to correct the knowingly false information they provided to prosecutors and the court.

84.     The defendant NYPD Detectives did this in order to cover-up their misconduct in suppressing exculpatory material and creating false and misleading police reports.

85.     As a result of their conduct, Mr. Benn was confined for an unreasonably long period of time, in violation of his right to a speedy trial as guaranteed by the Sixth Amendment of the United States Constitution.

86.     As a result of the foregoing, plaintiff, George Benn, suffered deprivation of his liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

### Fifth Claim For Failure To Intervene
### Under 42 U.S.C. § 1983

87.     Plaintiff, George Benn, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

88.     Defendant NYPD Detectives failed to intercede to prevent or mitigate the damages and harm suffered by plaintiff as described above.

89.     Defendant NYPD Detectives were presented with a realistic opportunity to prevent and/or mitigate the constitutional violations suffered by plaintiff as described above.

90.     As a result of the foregoing, plaintiff, George Benn, suffered deprivation of his liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

**Sixth Claim For Relief**
**For Municipal Liability Under 42 U.S.C. § 1983**

91.     Plaintiff, George Benn, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

92.     Defendants manufactured and falsified evidence that led to the arrest and continued confinement of the plaintiff notwithstanding their knowledge that said arrest and continued incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate his constitutional rights.

93.     The acts complained of were carried out by the aforementioned individual defendant NYPD Detectives in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

94.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

95.     Those customs, policies, patterns, and practices include, but are not limited to:

i.      failing to train Detectives and officers as to the requirements of the Constitution as implicated and described above;

      ii.      failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

      iii.     failing to provide an avenue for reporting improprieties as described above.

96.     The aforementioned customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK directly cause unconstitutional practices such as those described above.

97.     The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, GEORGE BENN.

98.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

99.     The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

100.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was incarcerated unlawfully for an extended period of time.

101.    The Detective Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

102.    All of the foregoing acts by the NYPD Detective defendants deprived plaintiff of federally protected constitutional rights, particularly his Fourth, Fifth, Sixth and Fourteenth Amendment rights as described above.

**Pendant State Claims**

103.    Plaintiff, George Benn, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

104.    Within (90) days after the claims herein accrued, the plaintiff duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50(e).

105.    Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

106.    Defendant THE CITY OF NEW YORK conducted a hearing pursuant to General Municipal Law 50-h on October 12, 2017.

107.    This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

108.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

109.    This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

**Seventh Claim For Relief Under New York Law**
**For Malicious Prosecution**

110.     Plaintiff George Benn repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length as against the defendant Detectives DiMuro, Cruz and as yet unidentified Detectives of the 23rd Precinct.

111.     Those defendants misrepresented and falsified evidence before the New York County District Attorney.

112.     Those defendants did not make a complete and full statement of facts to the District Attorney.

113.     Those defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

114.     Those defendants knowingly and intentionally withheld exculpatory evidence from the District Attorney

115.     Those defendants lacked probable cause to initiate criminal proceedings against plaintiff.

116.     Those defendants acted with malice in initiating criminal proceedings against plaintiff.

117.     Those defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

118.     Those defendants lacked probable cause to continue criminal proceedings against plaintiff.

119.     Those defendants withheld, misrepresented, and falsified evidence throughout all phases of the criminal proceedings.

120.    Notwithstanding the above-described conduct of those defendants, the criminal proceedings were terminated in plaintiff's favor on June 15, 2017.

121.    As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### Eighth Claim For Relief Under New York Law
### Negligent Hiring/Training/Supervision/Retention

122.    Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

123.    Defendant, CITY OF NEW YORK, selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

124.    Defendant, CITY OF NEW YORK, was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Corrections and Police Departments including the defendants individually named above.

125.    Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### Ninth Claim For Relief Under New York Law
### Intentional Infliction Of Emotional Distress

126.    Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

127.    The defendants directly caused the damage plaintiff suffered as described above.

128.    The defendants' actions as described above were outrageous and shock the conscience.

129.    The defendants acted with the a conscious and reckless disregard of the substantial likelihood that their actions would cause Mr. Benn emotional distress in a manner that would cause severe harm to his mental health and severe emotional distress.

130.    The defendants' actions caused Mr. Benn such severe emotional distress.

## CLAIMS RELATED TO THE FEBRUARY 19, 2015 INCIDENT

### Tenth Claim For Relief For Excessive Force Under 42 U.S.C. § 1983

131.    Plaintiff, George Benn, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

132.    The force employed by the individually named defendant Corrections Officers was unreasonable given the facts and circumstances prevailing at the time and place of the above described incident.

133.    As a result of the foregoing, plaintiff, George Benn, suffered physical injuries including but not limited to a broken nose, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

### Eleventh Claim For Failure To Intervene Under 42 U.S.C. § 1983

134.    Plaintiff, George Benn, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

135.    Defendant Corrections Officers failed to intercede to prevent or mitigate the damages and harm , specifically, physical injuries, as suffered by plaintiff as described above.

136.     Defendant Corrections Officers were presented with a realistic opportunity to prevent and/or mitigate the constitutional violations suffered by plaintiff as described above.

137.     As a result of the foregoing, plaintiff, George Benn, suffered deprivation of his liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

**Twelfth Claim For Relief**
**For Municipal Liability Under 42 U.S.C. § 1983**

138.     Plaintiff, George Benn, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

139.     Defendants physically abused the plaintiff notwithstanding their knowledge that such actions jeopardized plaintiff's well-being, safety, and violated his constitutional rights.

140.     The acts complained of were carried out by the aforementioned individual Corrections Officers in their capacities as corrections officers and officials, with all the actual and/or apparent authority attendant thereto.

141.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as corrections officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Corrections Department, all under the supervision of ranking officers of said department.

142.     Those customs, policies, patterns, and practices include, but are not limited to:

i.     failing to train officers as to the requirements of the Constitution as implicated and described above, specifically with regard to use of force;

ii.      failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers, in particular uses of force by the above named corrections officers;

iii.      failing to provide an avenue for reporting improprieties as described above.

143.    The aforementioned customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK directly cause unconstitutional practices such as those described above.

144.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Corrections Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, George Benn.

145.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Corrections Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

146.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Corrections Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

147.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Corrections Department, plaintiff was incarcerated unlawfully for an extended period of time.

148.    The Corrections Officer Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

149.   All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i.      an order awarding compensatory damages in an amount to be determined at trial;

ii.     an order awarding punitive damages in an amount to be determined at trial;

iii.    reasonable attorneys' fees and costs under 42 U.S.C. 1988; and

iv.     directing such other and further relief as the Court may deem just and proper,

together with attorneys' fees, interest, costs and disbursements of this action.

Dated:       New York, NY
             January 26, 2018

                                          Respectfully Submitted,

                                          Charles A. Ross & Associates
                                          *Counsel for the Plaintiff*

            *By:*  _____
                                          MATTHEW SHROYER (MS-6041)
                                          111 Broadway, Suite 1401
                                          New York, New York 10006
                                          (212) 616-3045
                                          mshroyer@charlesrosslaw.com