

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**CHRISTOPHER G. ARKO**
*Senior Counsel*
(212) 356-5044
(212) 356-3509 (fax)
carko@law.nyc.gov

June 11, 2020

**By ECF**
Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    <u>George Benn v. City of New York, et al.</u>, 18 Civ. 722 (LGS)(OTW)

Your Honor:

      I am a Senior Counsel in the New York City Law Department, attorney for defendants City of New York, Detective Felix Cruz, Detective Gerard Dimuro, Captain Delroy Morrison, Correction Officer Xavier McNeil, Correction Officer Matthew Landow, Correction Officer Jonathen Powell, Correction Officer Jermain Phillips, and Correction Officer Gordon Noel in the above-referenced action. I write pursuant to Your Honor's Individual Rule III(A)(1) to respectfully request a premotion conference for defendants' motion for summary judgment.

      The complaint alleges two separate incidents. The first incident involves plaintiff's indictment on April 19, 2013 for the murder of Willis Bennett, which occurred in 2009. Plaintiff alleges federal claims for malicious prosecution, unreasonably prolonged detention, denial of the right to a fair trial, violation of the right to a speedy trial, failure to intervene, and municipal liability, and state claims for malicious prosecution, negligent hiring/ training/supervision/retention, and intentional infliction of emotional distress ("IIED"). The second incident involves an alleged use of force that occurred on February 19, 2015 while plaintiff was incarcerated on Rikers Island pursuant to the murder prosecution. Plaintiff alleges claims for excessive force, failure to intervene, and municipal liability. Defendants seek permission to move for summary judgment on all claims related to plaintiff's April 19, 2013 arrest, and both of plaintiff's municipal liability claims.

      **Malicious Prosecution**

      To maintain a claim for malicious prosecution, a plaintiff must prove "a violation of his rights under the Fourth Amendment, [ ] and must establish the elements of a malicious prosecution claim under state law." <u>Manganiello v. City of New York</u>, 612 F.3d 149, 161 (2d Cir. 2010) (citations omitted). The elements of a malicious prosecution claim under New York

law are: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Id. (quotation marks and citations omitted). Further, "the plaintiff must assert…that there was [ ] a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." Azeez v. City of New York, 790 Fed. Appx. 270, 273 (2d Cir. 2019) (quotation marks, citation, and alterations omitted). Here, plaintiff cannot establish the first, third, or fourth elements. Regarding initiation of the prosecution, an assistant district attorney independently investigated the shooting and uncovered the evidence that lead to plaintiff's indictment. "A malicious-prosecution claim cannot stand if the decision made by the prosecutor to bring criminal charges was independent of any pressure exerted by [the] police." Alcantara v. City of New York, 646 F. Supp. 2d 449, 457 (S.D.N.Y. 2009) (quotation marks and citation omitted). Regarding probable cause, the district attorney obtained the two eyewitness identifications of plaintiff as the shooter before his indictment, which established probable cause for his prosecution. See Dukes v. City of New York, 879 F. Supp. 335, 342 (S.D.N.Y. 1995). Furthermore, there is no evidence to rebut the presumption of probable cause inherent in plaintiff's indictment. See Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003). Finally, regarding malice, there is no evidence in the record showing Detectives DiMuro and Cruz acted with "a wrong or improper motive, something other than a desire to see the ends of justice served." Lowth v. Town of Cheektowaga, 82 F.3d 563, 573 (2d Cir.1996) (quotation marks and citation omitted). Plaintiff's federal and state law malicious prosecution claims must therefore be dismissed.

### Denial of the Right to a Fair Trial, Unreasonably Prolonged Detention, and Violation of the Right to a Speedy Trial

In support of these claims, plaintiff alleges Detectives DiMuro and Cruz fabricated information in the criminal court complaint and withheld exculpatory statements from the district attorney made by witnesses Chevar Regans and Ted Simon in which they identified someone other than plaintiff as the shooter. However, there is no evidence in the record that Simon ever made an exculpatory statement to detectives. Further, Detective Cruz provided his case file containing Regans' statement to the district attorney before plaintiff was indicted. Moreover, the district attorney interviewed both Regans and Simon before he indicted plaintiff. Simon told the district attorney he observed plaintiff shoot the victim, and Regans recanted his earlier identification. The criminal court complaint was signed only after Simon and another eyewitness identified plaintiff as the shooter. To prevail on a fair trial claim, a plaintiff must prove: "(1) [an] investigating official (2) fabricates information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result." Garnett v. Under Cover Officer C0039, 838 F.3d 265, 279 (2d Cir. 2016). To prevail on an unreasonably prolonged detention claim, a plaintiff must establish "(1) that he has a right to be free from continued detention stemming from law enforcement officials' mishandling or suppression of exculpatory evidence, (2) that the actions of the officers violated that right, and (3) that the officers' conduct shocks the conscience." Russo v. City of Bridgeport, 479 F.3d 196, 205 (2d Cir. 2007) (quotation marks and citation omitted). "In determining whether a plaintiff's speedy trial right has been violated, [a court considers]: (1) whether the delay before trial was uncommonly long; (2) whether the prosecution or the defendant was responsible for the delay; (3) whether the defendant asserted his right; and (4) whether the defendant suffered prejudice as a result of the delay." King v. City

of New York, 12 CV 2344 (NGG)(RER) and 13 CV 37 (NGG)(RER), 2014 U.S. Dist. LEXIS 140790 at *32-*33 (E.D.N.Y. Sept. 30, 2014).  Plaintiff cannot sustain any of these claims because he cannot show that the detectives fabricated evidence or withheld exculpatory evidence and the claims must be dismissed.

### Negligent Hiring/Training/Supervision/Retention and Intentional Infliction of Emotional Distress

"A claim for negligent hiring or supervision can only proceed against an employer for an employee acting outside the scope of her employment."  Colodney v. Continuum Health Partners, Inc., 03 Civ. 7276 (DLC), 2004 U.S. Dist. LEXIS 6606, at *27-*28 (S.D.N.Y. Apr. 15, 2004).  Here, in the complaint plaintiff alleges that all defendants were acting within the scope of their employment at all times relevant to the complaint, so his claim for negligent hiring/training/supervision/retention must be dismissed.  The elements of IIED are: (1) extreme and outrageous conduct; (2) intent to cause emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress. Bender v. City of New York, 78 F.3d 787, 790 (2d Cir. 1996). "No intentional infliction of emotional distress claim will lie where the conduct underlying the claim falls within the ambit of traditional tort liability." Moore v. City of New York, 219 F. Supp. 2d 335, 339 (E.D.N.Y. 2002) (quotation marks and citation omitted). Further, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized community." Murphy v. American Home Prods. Corp., 58 N.Y.2d 293, 303 (1983) (internal citations omitted). The conduct here does not rise to this level and falls within the ambit of traditional tort liability, so plaintiff's claim for intentional infliction of emotional distress must be dismissed.

### Municipal Liability

As for plaintiff's Monell claim, a municipal entity may be found liable under § 1983 "only where the municipality itself causes the constitutional violation at issue."  City of Canton v. Harris, 489 U.S. 378, 385 (1989).  To state a valid claim, plaintiff must establish that "unlawful action was implemented or executed pursuant to a governmental policy or custom." Martin v. City of New York, 11 CV 600 (PKC) (RLE), 2012 U.S. Dist. LEXIS 56632, at *30-*31 (S.D.N.Y. Apr. 19, 2012).  A plaintiff may do so by demonstrating an affirmative link between a constitutional injury and "(1) municipal policy, (2) municipal custom or practice, or (3) the decision of a municipal policymaker with final policymaking authority." Zherka v. DiFiore, 412 Fed. Appx. 345, 348 (2d Cir. 2011).  Absent proof of these elements, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell." Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985).  It is well settled that boilerplate allegations of an unconstitutional policy are insufficient to state a claim for municipal liability. See, e.g., Cuevas v. City of New York, 07 Civ. 4169 (LAP), 2009 U.S. Dist. LEXIS 114984, at *12 (S.D.N.Y. Dec. 7, 2009).  In the complaint, plaintiff sets forth only boilerplate allegations of municipal policies. Further, he links these alleged policies to his arrest and the alleged use of force only through boilerplate assertions. Plaintiff cannot establish the existence of any unconstitutional policies, let alone prove that such policies caused his arrests or prosecutions. His Monell claim will accordingly not withstand defendants' motion for summary judgment.

I thank the Court for its time and consideration herein.

Respectfully submitted,

*/s/ Christopher G. Arko*

Christopher G. Arko
Senior Counsel

cc:   Richard Soto, Esq. (By ECF)
      *Attorney for Plaintiff*