

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY  10007

**CHRISTOPHER G. ARKO**
*Senior  Counsel*
(212) 356-5044
(212) 356-3509 (fax)
carko@law.nyc.gov

September 20, 2020

**By ECF**
Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   George Benn v. City of New York, et al., 18 Civ. 722 (LGS)(OTW)

Your Honor:

I am a Senior Counsel in the New York City Law Department, attorney for defendants City of New York, Detective Felix Cruz, Detective Gerard Dimuro, Captain Delroy Morrison, Correction Officer Xavier McNeil, Correction Officer Matthew Landow, Correction Officer Jonathen Powell, Correction Officer Jermain Phillips, and Correction Officer Gordon Noel in the above-referenced action.  I write pursuant to Your Honor's Individual Rule I(D) to respectfully seek leave to file two exhibits to defendants' motion for summary judgment under seal.

The exhibits consist of two video-recorded statements made by a witness to the incident at issue in plaintiff's arrest to the New York County District Attorney's Office ("DANY").  The discoverability of these video-recorded statements was the subject of motion practice before Magistrate Judge Wang.  On December 10, 2019, Magistrate Judge Wang directed DANY to make the statements viewable by the parties at DANY's office and imposed an attorneys' eyes only confidentiality designation to the statements.  See Docket Entry No. 134 at p. 6.  She further ruled that any party wishing to cite the videos as evidentiary support for a future motion may apply to do so under seal.  Id.  Defendants accordingly seek an Order from the Court permitting them to file the two video-recorded statements under seal.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

*/s/ Christopher G. Arko*

Christopher G. Arko
Senior Counsel

cc:   Richard Soto, Esq. (By ECF)
      *Attorney for Plaintiff*


Application DENIED without prejudice to renewal.  This application does not comply with Individual Rule I.D., as it does not provide an appendix identifying attorneys of record who should have access to the sealed document, and the proposed sealed documents were not filed under seal contemporaneously with the application.  Further, a motion to seal must provide particularized justifications specific to the information sought to be sealed.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) ("[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.")

Defendants shall file the proposed sealed exhibits under seal, when submitting the motion for summary judgment due today, and shall renew the application at that time.

So Ordered.

Dated: September 21, 2020
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE