Docket No.: 18 Civ. 722 (LGS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE BENN,

Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTIONS IN LIMINE

***GEORGIA M. PESTANA***
*Corporation Counsel of the City of New York*
*Attorney for Attorney for Defendants*
*Morrison, McNeil, Landow, Powell, Phillips,*
*and Noel*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Christopher G. Arko*
*Tel:  (212) 356-5044*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ vi

PRELIMINARY STATEMENT ........................................................................... 1

POINT I

THE CITY SHOULD BE REMOVED FROM THE
CAPTION AND PLAINTIFF SHOULD BE
PRECLUDED FROM REFERRING TO
DEFENSE COUNSEL AS "CITY ATTORNEYS"
AND PRESENTING ANY EVIDENCE OR
ARGUMENTS CONCERNING
INDEMNIFICATION...................................................................................2

POINT II

PLAINTIFF SHOULD BE PRECLUDED FROM
MENTIONING THAT THE CITY OF NEW
YORK, GERARD DIMURO, AND FELIX CRUZ
WERE PREVIOUSLY DEFENDANTS IN THIS
MATTER, AND THEIR NAMES SHOULD BE
DELETED FROM THE CAPTION ...........................................................4

POINT III

PLAINTIFF SHOULD BE PRECLUDED FROM
MENTIONING THAT SANDRA MURRAY WAS
NAMED AS A DEFENDANT AND HER NAME
SHOULD BE REMOVED FROM THE CAPTION ..................................5

POINT IV

PLAINTIFF SHOULD BE PRECLUDED FROM
ELICITING EVIDENCE OF OFFICER
DISCIPLINARY HISTORIES, COMPLAINTS
AGAINST OFFICERS, AND OTHER LAWSUITS ................................5

a.   Plaintiff cannot satisfy the requirements of
Rule 404.......................................................................................6

1.   Plaintiff cannot satisfy any of the
exceptions to Rule 404(b) .........................................6

**Page**

    2.    The prejudicial effect of any such evidence outweighs its probative value ....................................8

POINT V

PLAINTIFF SHOULD BE PRECLUDED FROM REQUESTING A SPECIFIC DOLLAR AMOUNT FROM THE JURY ..................................................................9

POINT VI

PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE AND/OR MAKING ARGUMENTS THAT RELATE SOLELY TO CLAIMS THAT HAVE BEEN DISMISSED ..........................................10

POINT VII

PLAINTIFF SHOULD BE PRECLUDED FROM MENTIONING UNRELATED ALLEGATIONS OF MISCONDUCT AGAINST ANY DEFENDANT CORRECTION OFFICER OR NON-PARTY OFFICER INCLUDING MATTERS SUBJECT TO MEDIA COVERAGE .......................................................10

POINT VIII

PLAINTIFF SHOULD BE PRECLUDED FROM MENTIONING THAT THE DOC INVESTIGATION DIVISION INVESTIGATED THIS INCIDENT ..................................................................12

POINT IX

PLAINTIFF SHOULD BE PRECLUDED FROM MENTIONING DOC POLICIES OR DIRECTIVES ..................................................................12

POINT X

PLAINTIFF SHOULD BE PRECLUDED FROM TESTIFYING AS TO HOW LONG HE WAS INCARCERATED..................................................................14

POINT XI

      PLAINTIFF SHOULD BE PRECLUDED FROM
      TESTIFYING THAT HE WAS DENIED
      MEDICAL TREATMENT OR THAT MEDICAL
      TREATMENT WAS DELAYED BECAUSE NO
      SUCH CLAIMS WERE PLED IN THE
      COMPLAINT ............................................................................14

POINT XII

      PLAINTIFF SHOULD BE PRECLUDED FROM
      TESTIFYING THAT HE SUFFERED ANY
      ECONOMIC INJURIES AS A RESULT OF THE
      USE OF FORCE AT ISSUE HERE ..........................................15

POINT XIII

      PLAINTIFF SHOULD BE PRECLUDED FROM
      USING STATEMENT SUMMARIES FROM THE
      ID FILE FOR IMPEACHMENT ..............................................16

POINT XIV

      PLAINTIFF SHOULD BE PRECLUDED FROM
      ELICITING TESTIMONY FROM ANY
      WITNESS THAT THEY MET WITH
      DEFENDANTS' ATTORNEYS IN
      PREPARATION FOR GIVING TESTIMONY ......................17

POINT XV

      PLAINTIFF SHOULD BE PRECLUDED FROM
      TESTIFYING OR ARGUING THAT THE
      DEFENDANTS SHOULD NOT HAVE
      EXTRACTED HIM FROM HIS CELL IN THE
      FIRST PLACE ...........................................................................17

POINT XVI

      PLAINTIFF SHOULD BE PRECLUDED FROM
      TESTIFYING THAT HE SUSTAINED INJURIES
      TO HIS WRISTS OR ANKLES AND FROM
      OFFERING ANY EVIDENCE OF SUCH
      INJURIES ..................................................................................18

POINT XVII

**Page**

      PLAINTIFF SHOULD BE PRECLUDED FROM
INTRODUCING HIS PROPOSED EXHIBIT 7 .......................................19

POINT XVIII

      PLAINTIFF SHOULD BE PRECLUDED FROM
TESTIFYING OR ARGUING THAT THIS
INCIDENT AGGRAVATED A PREEXISTING
DEPRESSIVE DISORDER....................................................................20

CONCLUSION............................................................................................................ 21

**TABLE OF AUTHORITIES**

<u>**Cases**</u>                                                                                                                                     <u>**Pages**</u>

Augustin v. Jablonsky,
    819 F. Supp. 2d 153 (E.D.N.Y. 2011) ...................................................................20

Banks v. Yokemick,
    144 F. Supp. 2d 272 (S.D.N.Y. 2001).....................................................................3

Barnes v. Anderson,
    202 F.3d 150 (2d Cir. 1999)....................................................................................20

Berkovich v. Hicks,
    922 F.2d 1018 (2d Cir. 1991)...............................................................................7, 8

Cerbelli v. City of New York,
    No. 99 CV 6846 (ARR)(RML) 2008 U.S. Dist. LEXIS 109341
    (E.D.N.Y. Sept. 8, 2008),
    report and recommendation adopted at 2008 U.S. Dist. LEXIS 77335
    (E.D.N.Y. Oct. 1, 2008) ..........................................................................................12

Consorti v. Armstrong World Industries, Inc.,
    72 F.3d 1003 (2d Cir. 1995)......................................................................................9

Edwards v. City of New York,
    No. 08 CV 2199 (TLM), 2011 U.S. Dist. LEXIS 75300
    (E.D.N.Y. July 13, 2011) ...........................................................................................3

Figueroa v. Boston Sci. Corp.,
    No. 00 Civ. 7922 (DC), 2003 U.S. Dist. LEXIS 10936
    (S.D.N.Y. June 25, 2003)...........................................................................................8

Hernandez v. Kelly,
    No. 09 CV 1576 (TLM) (LB), 2011 U.S. Dist. LEXIS 57114
    (E.D.N.Y. May 27, 2011) .......................................................................................2, 3

Huddleston v. United States,
    485 U.S. 681 (1988)....................................................................................................6

Jean-Laurent v. Hennessy,
    840 F. Supp. 2d 529 (E.D.N.Y. 2011) ......................................................................2

Jean-Laurent v. Wilkinson,
    No. 05 Civ. 0583 (VM), 2009 U.S. Dist. LEXIS 20472
    (S.D.N.Y. Mar. 13, 2009) ..........................................................................................3

**Cases**                                                                                            **Pages**

Lombardo v. Stone,
    No. 99 Civ. 4603 (SAS), 2002 U.S. Dist. LEXIS 1267
    (S.D.N.Y. Jan. 28, 2002) ................................................................................................6, 8

McGuire v. Bridgeport & Port Jefferson Steamboat Co.,
    No. 00 Civ. 5951 (WK), 2001 U.S. Dist. LEXIS 19753
    (S.D.N.Y. Nov. 29, 2001) ................................................................................................3

McKenna v. City of Philadelphia,
    582 F.3d 447 (3d Cir. 2009) .........................................................................................13

Mileski v. Long Island R.R. Co.,
    499 F.2d 1169 (2d Cir. 1974) .........................................................................................9

Poe v. Leonard,
    282 F.3d 123 (2d Cir. 2002) .........................................................................................13

Republic of Turk. v. Christie's, Inc.,
    No. 17 Civ. 3086 (AJN), 2021 U.S. Dist. LEXIS 55044
    (S.D.N.Y. Mar. 22, 2021) ..............................................................................................7

Richmond v. General Nutrition Ctrs., Inc.,
    No. 08 Civ. 3577 (PAE)(HBP), 2012 U.S. Dist. LEXIS 32070
    (S.D.N.Y. Mar. 9, 2012) ................................................................................................8

Romero v. Board of County Comm'rs,
    60 F.3d 702 (10th Cir. 1995) .......................................................................................13

Shaw v. City of New York,
    No. 95 Civ. 9325 (AJP), 1997 U.S. Dist. LEXIS 4901
    (S.D.N.Y. Apr. 14, 1997) ...............................................................................................7

Smith v. Freland,
    954 F.2d 343 (6th Cir. 1992) .......................................................................................13

Thompson v. City of Chicago,
    472 F.3d 444 (7th Cir. 2006) .......................................................................................13

United States v. Almonte,
    956 F.2d 27 (2d Cir. 1992) ...........................................................................................16

United States v. City of New York,
    No. 07 CV 2067 (NGG)(RLM), 2011 U.S. Dist. LEXIS 180371
    (E.D.N.Y. Dec. 21, 2015) .............................................................................................20

**Cases**                                                                                                           **Pages**

United States v. Leonardi,
    623 F.2d 746 (2d Cir. 1980), cert. denied, 447 U.S. 928 (1980) ..........................................16

Wallace v. Hano,
    No. 90 Civ. 2064 (WK), 1992 U.S. Dist. LEXIS 13388
    (S.D.N.Y. Sept. 3, 1992) .........................................................................................................7

Williams v. McCarthy,
    No. 05 Civ. 10230 (SAS), 2007 U.S. Dist. LEXIS 79151
    (S.D.N.Y. Oct. 25, 2007) ....................................................................................................2, 3

**Statutes**

Fed. R. Evid. 402 ...................................................................................................................13, 14

Fed. R. Evid. 403 .....................................................................................................................6, 14

Fed. R. Evid. 404 ..................................................................................................................6, 7, 8

Fed. R. Evid. 404(b) ..................................................................................................................6, 7

Fed. R. Evid. 411 ..........................................................................................................................4

Fed. R. Evid. 801(c) ....................................................................................................................11

Fed. R. Evid. 802 ...........................................................................................................................7

Fed. R. Evid. 803 .........................................................................................................................19

Fed. R. Evid. 804 .........................................................................................................................19

N.Y. Gen. Mun. L. § 50(k) ...........................................................................................................3

N.Y. Gen. Mun. L. §§ 50-k(3)-(4) ...............................................................................................3

Rule 26 .........................................................................................................................................20

§ 1983...........................................................................................................................................13

**Other Authorities**

McCormick § 168; Annot., 4 A.L.R.2d 761 .................................................................................4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- x

GEORGE BENN,

                              Plaintiff,

             -against-

THE CITY OF NEW YORK, DET. FELIX CRUZ, Shield No.
1454, Individually and in his Official Capacity, DET. GERARD
DIMURO, Shield No. 2615, Individually and in his Official
Capacity, DET. "JOHN DOEs" 1-2 of the 23rd Precinct of the
New York City Police Department, Individually and in their
Official Capacities, CORRECTIONS DEPARTMENT
CAPTAIN DELROY MORRISON, Shield No. 1293,
Individually and in his Official Capacity, C.O. XAVIER
MCNEIL, Shield No. 12860, Individually and in his Official
Capacity, C.O. MATTHEW LANDOW, Shield NO. 10333,
Individually and in his Official Capacity, C.O. JONATHEN
POWELL, Shield No. 6313, Individually and in his Official
Capacity, C.O. JERMAIN PHILLIPS, Shield No. 8052,
Individually and in his Official Capacity, C.O. GORDON
NOEL, Shield NO. 3784, Individually and in his Official
Capacity, C.O. SANDRA MURRAY, Shield No. 4672,
Individually and in her Official Capacity,

                            Defendants.

------------------------------------------------------------------------------- x

**DEFENDANTS'
PRETRIAL
SUBMISSIONS
CONCERNING
MATTERS TO BE
RESOLVED IN
LIMINE**

18 Civ. 722 (LGS)

## PRELIMINARY STATEMENT

Plaintiff, an inmate on Rikers Island in a punitive segregation cell, refused several

direct orders to release the cuffing port on his cell door so it could be closed and secured.  He

then refused subsequent direct orders to place his hands through the port so he could be

handcuffed.  Plaintiff was warned that if he refused to comply force would be used against him,

yet he still failed to follow directives.  In response to plaintiff's recalcitrance, the defendant

correction officers entered plaintiff's cell to gain compliance.  Plaintiff responded by furiously

resisting the officers, swinging and kicking at them and shoving one to the ground.  The officers

had to use force to gain control of plaintiff.  While plaintiff sustained a nasal fracture, he

provoked and was at fault for the incident and the officers used a reasonable degree of force in

light of the totality of the circumstances.   The only claims that remain to be tried are for excessive force and failure to intervene against Correction Captain Delroy Morrison, Correction Officer Xavier McNeill, Correction Officer Matthew Landow, Correction Officer Jonathen Powell, Correction Officer Jermain Phillips, and Correction Officer Gordon Noel.   Defendants respectfully submit this memorandum of law in support of their motion seeking *in limine* relief as set forth below.

### POINT I

**THE CITY SHOULD BE REMOVED FROM THE CAPTION AND PLAINTIFF SHOULD BE PRECLUDED FROM REFERRING TO DEFENSE COUNSEL AS "CITY ATTORNEYS" AND PRESENTING ANY EVIDENCE OR ARGUMENTS CONCERNING INDEMNIFICATION**

Plaintiff's claims for municipal liability were dismissed on summary judgment. See ECF No. 176 at p. 13-14. Plaintiff alleges no *respondeat superior* liability.  The City should therefore be removed from the caption, and plaintiff should be precluded from informing the jury that defense counsel are City attorneys.  Referring to defendants' attorneys as "City attorneys" would be prejudicial to the officers, as it may create the impression that the City – often viewed as a deep pocket – will pay in the event of a verdict in favor of plaintiff, and, in doing so, the jury will not faithfully and carefully assess liability or damages.  See Jean-Laurent v. Hennessy, 840 F. Supp. 2d 529, 550 (E.D.N.Y. 2011) (precluding plaintiff from referring to defendants' counsel as "City attorneys"); see also Hernandez v. Kelly, No. 09 CV 1576 (TLM) (LB), 2011 U.S. Dist. LEXIS 57114 at *17-18 (E.D.N.Y. May 27, 2011) (precluding plaintiff from referring to the City and directing plaintiff to refer to defense counsel as attorneys from the Office of the Corporation Counsel); Williams v. McCarthy, No. 05 Civ. 10230 (SAS), 2007 U.S. Dist. LEXIS 79151 at

2

*23-25 (S.D.N.Y. Oct. 25, 2007) (intending to avoid any possible undue prejudice, trial judge identified counsel for the individual defendants as attorneys from the Corporation Counsel).

Similarly, plaintiff should not be permitted to mention or offer any evidence that the City may indemnify the individual defendants should a jury find any of them liable. Indemnification has no bearing on the facts of plaintiff's claims or damages. Thus, courts in the Eastern and Southern District of New York routinely preclude parties from mentioning the possibility of indemnification at trial. See, e.g., Edwards v. City of New York, No. 08 CV 2199 (TLM), 2011 U.S. Dist. LEXIS 75300 at *14 (E.D.N.Y. July 13, 2011) ("Indemnification is not relevant to any issue before the jury and plaintiff will not be permitted to inform the jury that defendant might be indemnified by the City."); see also Jean-Laurent v. Wilkinson, No. 05 Civ. 0583 (VM), 2009 U.S. Dist. LEXIS 20472 at *8 (S.D.N.Y. Mar. 13, 2009) (precluding plaintiff from mentioning City's potential indemnification of officers); Hernandez, 2011 U.S. Dist. LEXIS 57114 at *17-18 (same); Williams, 2007 U.S. Dist. LEXIS 79151 at *24-25, *24 n.46 (same, collecting cases); see also McGuire v. Bridgeport & Port Jefferson Steamboat Co., No. 00 Civ. 5951 (WK), 2001 U.S. Dist. LEXIS 19753 at *4 (S.D.N.Y. Nov. 29, 2001) (finding indemnification evidence not relevant at trial).

Furthermore, a decision as to whether the City will indemnify the individual defendants cannot be made until after the trial. See N.Y. Gen. Mun. L. §§ 50-k(3)-(4). Under New York General Municipal Law § 50(k), although the Corporation Counsel undertakes legal representation based on a finding that the employee's conduct satisfied the scope of employment standard, the City can still "withhold[] indemnification if a judgment determining the facts regarding the employee's acts or omissions declares otherwise." Banks v. Yokemick, 144 F. Supp. 2d 272, 283 (S.D.N.Y. 2001). Thus, any evidence or testimony concerning potential

3

indemnification by the City would be premature and unduly prejudicial. Moreover, such evidence and arguments lack any evidentiary value and would seriously prejudice the defendants because if the jury is permitted to assume that the City will foot the bill, the jury may not assess issues of liability critically. This prejudice is precisely what the Federal Rules of Evidence seek to avoid by denying admission of evidence of insurance or indemnification agreements. See Fed. R. Evid. 411, Advisory Committee's Note ("More important, no doubt, has been the feeling that knowledge of the presence or absence of liability insurance would induce juries to decide cases on improper grounds. McCormick § 168; Annot., 4 A.L.R.2d 761."). Plaintiff should accordingly be precluded from offering any evidence or testimony concerning the potential indemnification of the individual defendants by the City of New York.

### POINT II

**PLAINTIFF SHOULD BE PRECLUDED FROM MENTIONING THAT THE CITY OF NEW YORK, GERARD DIMURO, AND FELIX CRUZ WERE PREVIOUSLY DEFENDANTS IN THIS MATTER, AND THEIR NAMES SHOULD BE DELETED FROM THE CAPTION**

Plaintiffs should be precluded from mentioning that the City of New York, Detective Gerard DiMuro, and Detective Felix Cruz were once defendants in this matter. Any reference by plaintiff to Detective DiMuro or Detective Cruz would be both prejudicial and an attempt by plaintiff to relitigate claims against these officers. The fact that the City of New York, Detective DiMuro, and Detective Cruz were formerly defendants has no probative value in determining whether plaintiffs' rights were violated by the remaining defendants. To the contrary, mentioning that the City, Detective DiMuro, and Detective Cruz were once defendants may lead the jury to speculate as to why they are no longer defendants. Any such evidence thus risks an impermissible and incorrect inference that there is some culpability on the part of the

4

remaining defendants simply because they remain parties to this action.  Accordingly, plaintiff should be precluded from mentioning that the City, Detective DiMuro, and Detective Cruz were formerly defendants and they should be removed from the caption.

### POINT III

**PLAINTIFF SHOULD BE PRECLUDED FROM MENTIONING THAT SANDRA MURRAY WAS NAMED AS A DEFENDANT AND HER NAME SHOULD BE REMOVED FROM THE CAPTION**

Relatedly, plaintiff should be precluded from mentioning that Correction Officer Sandra Murray was named as a defendant in this matter and her name should also be removed from the caption. By the time the complaint was filed, Officer Murray had retired from DOC. She was not served with process, no counsel appeared on her behalf, she did not interpose an answer to the complaint, and she did not participate in this litigation.  The fact that she was named as a defendant has no probative value concerning plaintiff's remaining claims.  Should her name remain in the caption, this would only serve to confuse the jury and cause it to speculate as to why she is not participating in the trial.  Plaintiff should accordingly be precluded from mentioning that she was named as a defendant and her name should be removed from the caption.

### POINT IV

**PLAINTIFF SHOULD BE PRECLUDED FROM ELICITING EVIDENCE OF OFFICER DISCIPLINARY HISTORIES, COMPLAINTS AGAINST OFFICERS, AND OTHER LAWSUITS**

Plaintiff should be precluded from inquiring about any disciplinary history of, or any prior or current lawsuits against, the named defendant officers, including any substantiated or unsubstantiated findings of excessive force or false statements.  Plaintiff should also be

precluded from inquiring about or introducing into evidence any documents concerning the same.  This sort of evidence is clearly prohibited by Fed. R. Evid. 404(b).

### a.   Plaintiff cannot satisfy the requirements of Rule 404

Rule 404(b) states that evidence of past acts "to prove the character of a person in order to show action in conformity therewith" is inadmissible. Under Fed. R. Evid. 404(b), evidence of past acts is only admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).  However, evidence of prior bad acts is not automatically admissible merely because the proponent has articulated some purpose unrelated to character.

The decision to admit evidence for one of the permissible reasons under Rule 404(b) also depends on "whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403." Huddleston v. United States, 485 U.S. 681, 688 (1988).  Thus, Rule 404(b) requires a two-part analysis: (1) whether the proposed evidence fits within one of the "exceptions" provided by the Rule; and (2) if the evidence does fall into an exception, the court must apply a balancing test under Rule 403 of whether the probative value of the evidence is substantially outweighed by the potential for confusion or prejudice. Lombardo v. Stone, No. 99 Civ. 4603 (SAS), 2002 U.S. Dist. LEXIS 1267 at *11-*13 (S.D.N.Y. Jan. 28, 2002); see also Advisory Committee Notes to Fed. R. Evid. 404(b).

### 1.   Plaintiff cannot satisfy any of the exceptions to Rule 404(b)

Applying these factors, plaintiff should be precluded from questioning the defendants or any non-party correction officers regarding complaints against them or their disciplinary histories.   First, any reference to any officer's disciplinary history or prior

6

complaints does not fall under any of the 404(b) exceptions.  Second, the potential for confusion

or prejudice substantially outweighs any probative value.  Further, documentary evidence of

prior disciplinary complaints or lawsuits constitutes inadmissible hearsay under Rule 802.  That

is because such complaints contain mere allegations and are not evidence that an officer did

commit the alleged prior acts; the hearsay rule would not allow the contents of a complaint to

establish the truth of the matter asserted

        To the extent plaintiff seeks to elicit evidence of prior complaints under the theory

that it establishes the defendant's "intent" to use excessive force against plaintiff, this would be

no more than "*de facto* character evidence" that is precluded by Rule 404.  Wallace v. Hano, No.

90 Civ. 2064 (WK), 1992 U.S. Dist. LEXIS 13388, at *18-*19 (S.D.N.Y. Sept. 3, 1992) (internal

citations omitted); see also Shaw v. City of New York, No. 95 Civ. 9325 (AJP), 1997 U.S. Dist.

LEXIS 4901, at *17-*19 (S.D.N.Y. Apr. 14, 1997).  This Circuit has found that where a plaintiff

sought to introduce prior allegations or complaints against an officer to prove that officer's

intent, that "proffer amounts to no more than a veiled attempt to do what Rule 404(b) expressly

prohibits – introducing evidence of bad acts to show the defendant's propensity to commit such

acts."  Berkovich v. Hicks, 922 F.2d 1018, 1022 (2d Cir. 1991); see also Republic of Turk. v.

Christie's, Inc., No. 17 Civ. 3086 (AJN), 2021 U.S. Dist. LEXIS 55044 at *11-*12 (S.D.N.Y.

Mar. 22, 2021) (following Berkovich to exclude prior bad acts proffered by plaintiff purportedly

to show defendants' "state of mind").

        Lastly, as plaintiff's municipal liability claim was dismissed at summary

judgment, he cannot seek to admit evidence of prior and/or subsequent disciplinary complaints or

lawsuits to establish a failure to train or discipline or that the City was on notice of a pattern of

misconduct.   Thus, plaintiff should also not be permitted to introduce evidence of prior complaints under this theory.

### 2. The prejudicial effect of any such evidence outweighs its probative value

Furthermore, evidence of past disciplinary history or complaints should be precluded as its prejudicial effect outweighs any probative value it may have. The Second Circuit has found that a district court did not abuse its discretion when it excluded evidence of prior complaints against an officer at trial.  <u>Berkovich</u>, 922 F.2d at 1023.  The Circuit held that even where the prior complaints could be admissible under Rule 404 to establish the officer's motive, the district court's finding that the prejudicial effects of such prior complaints outweighed their probative value was appropriate.  <u>Id.</u>  District courts in this Circuit have similarly found that even where evidence of prior acts could be relevant under Rule 404, it should be precluded if it is unduly prejudicial.  <u>See</u>, <u>e.g.</u>, <u>Lombardo</u>, 2002 U.S. Dist. LEXIS 1267 at *20-*24 (finding that while prior act of a defendant could be relevant, prejudice outweighed probative value).

Courts in this Circuit have applied the same analysis to prior civil lawsuits against a defendant officer, finding that the probative value of introducing such evidence is outweighed by the prejudicial effect it could have.[1]  <u>See</u> <u>Richmond v. General Nutrition Ctrs., Inc.</u>, No. 08 Civ. 3577 (PAE)(HBP), 2012 U.S. Dist. LEXIS 32070 at *31 (S.D.N.Y. Mar. 9, 2012) (precluding the introduction of evidence of lawsuits against defendant because "the risk of unfair prejudice and confusion from introducing documents reflecting allegations in other cases clearly outweighs the probative value of such claims."); <u>see also</u> <u>Figueroa v. Boston Sci. Corp.</u>, No. 00 Civ 7922 (DC), 2003 U.S. Dist. LEXIS 10936 at *11 (S.D.N.Y. June 25, 2003) (finding that the

---

[1] In addition, to the extent there may have been a settlement in any prior or subsequent lawsuits, the parties would have stipulated that there would be no admission of liability. This further demonstrates that introducing evidence about allegations from unrelated lawsuits would be unduly prejudicial to defendants.

probative value of introducing evidence of other lawsuits is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, and considerations of undue delay and waste of time").

### POINT V

**PLAINTIFF SHOULD BE PRECLUDED FROM REQUESTING A SPECIFIC DOLLAR AMOUNT FROM THE JURY**

While the Second Circuit has not adopted a flat prohibition of suggesting a specific dollar amount, it does disfavor specifying target amounts for the jury to award.  Consorti v. Armstrong World Industries, Inc., 72 F.3d 1003, 1016 (2d Cir. 1995).  Such suggestions unlawfully anchor the jurors' expectations of a fair award at a place set by counsel, rather than by the evidence.  Id.; see also Mileski v. Long Island R.R. Co., 499 F.2d 1169, 1172 (2d Cir. 1974) ("A jury with little or no experience in such matters, rather than rely upon its own estimates and reasoning, may give undue weight to the figures advanced by plaintiff's counsel…").  In Consorti, the Court reasoned "A jury is likely to infer that counsel's choice of a particular number is backed by some authority or legal precedent. Specific proposals have a real potential to sway the jury unduly…We encourage trial judges to bar such recommendations." Consorti, 72 F.3d at 1016.  As such, plaintiff should be precluded from suggesting a specific dollar amount to the jury during their opening statement, during the testimony of any witness, and/or during summation.

## POINT VI

**PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE AND/OR MAKING ARGUMENTS THAT RELATE SOLELY TO CLAIMS THAT HAVE BEEN DISMISSED**

Plaintiff should be precluded from introducing evidence or making arguments that relate solely to claims that have been dismissed.  In particular, plaintiff should not be permitted to present any evidence or arguments attacking the lawfulness of his detention.  In its Opinion and Order on defendants' motion for partial summary judgment, dated July 28, 2021, the Court dismissed all of plaintiff's claims except for excessive force and failure to intervene against the individual DOC defendants.  See ECF Doc. No. 176.  All of the dismissed claims related to plaintiff's arrest and prosecution for the 2009 homicide of Willis Bennett and plaintiff's municipal liability theories.  Clearly, none of those claims are relevant to the remaining claims for excessive force and failure to intervene against the remaining defendants.  Any such evidence or argument would be confusing for the jury and unduly prejudicial to defendants and should accordingly be precluded.

## POINT VII

**PLAINTIFF SHOULD BE PRECLUDED FROM MENTIONING UNRELATED ALLEGATIONS OF MISCONDUCT AGAINST ANY DEFENDANT CORRECTION OFFICER OR NON-PARTY OFFICER INCLUDING MATTERS SUBJECT TO MEDIA COVERAGE**

Plaintiff and his counsel should be precluded from referring to unrelated purported instances of police or correction officer misconduct, criminal investigations, class actions, misconduct by non-party officers, and purported municipal policies that plaintiff claims to have witnessed.  References to events at Rikers Island or general allegations of correction

officer misconduct unrelated to this case are irrelevant, inadmissible, and would only serve to inflame the jury against the defendants and DOC.  Such evidence is highly prejudicial and has no probative value as to the facts and circumstances surrounding this incident.  Whether another police or correction officer at some other time allegedly violated another person's rights, or even the plaintiff's rights, has no bearing on the facts of this matter.  Further, defendants in this case would be unable to defend or reject the conduct of other police or correction officers or events in other municipalities.  Lastly, allowing plaintiff or his counsel to make such references would allow inadmissible hearsay because plaintiff and his counsel would be seeking to offer out of court statements for their truth. See Fed. R. Evid. 801(c).

Finally, plaintiff and his counsel should be barred from using terminology and colloquialisms including, but not limited to, such terms as "black lives matter," "testilying," and "blue wall of silence."  Such statements are also highly prejudicial and inflammatory.  Because these terms are based on conjecture and emotion and not on any evidence presented in this case, the defendant officers have no means to defend against their use or refute the characterization implied by the speaker.  Further, usage of these terms as well as other allegations of misconduct turns plaintiff's counsel into a witness because counsel implies by doing so to have some special knowledge of the goings on of correction officers.  This in turn is itself highly prejudicial, because there is no evidence in this trial to prove or disprove that implication.  Accordingly, plaintiff and his counsel should be precluded from referencing any of these phrases or terms, other lawsuits, or events reported in the media.

**POINT VIII**

**PLAINTIFF SHOULD BE PRECLUDED FROM MENTIONING THAT THE DOC INVESTIGATION DIVISION INVESTIGATED THIS INCIDENT**

Plaintiff should be precluded from referring to or offering any evidence of the fact that the DOC Investigation Division ("ID") investigated this incident.  As part of the investigation, DOC approved use immunity for the defendants.  ID determined to a preponderance of the evidence that no violation of DOC policies occurred during this incident and no disciplinary charges were recommended or filed.  Regardless, it is likely that if the jury hears there was an investigation and approved use immunity, it will assume there was some misconduct on the part of the officers.  Moreover, the fact that ID investigated this incident and approved use immunity is irrelevant to plaintiff's underlying claims.  Further, the result of the investigation has no probative value as to plaintiff's remaining claims for excessive force and failure to intervene.  The prejudicial effects of the ID investigation clearly outweigh its probative value and it should accordingly be precluded.

**POINT IX**

**PLAINTIFF SHOULD BE PRECLUDED FROM MENTIONING DOC POLICIES OR DIRECTIVES**

Plaintiff should be precluded from mentioning DOC policies or directives because they are irrelevant to the issues at trial.  DOC procedures are merely guidelines established by a City agency and have no bearing on the constitutionality of defendants' actions. Cerbelli v. City of New York, No. 99 CV 6846 (ARR)(RML) 2008 U.S. Dist. LEXIS 109341 (E.D.N.Y. Sept. 8, 2008), report and recommendation adopted at 2008 U.S. Dist. LEXIS 77335 (E.D.N.Y. Oct. 1, 2008) ("local agency-established policies, such as the Patrol Guide, do not

establish constitutional standards") (citing <u>Poe v. Leonard</u>, 282 F.3d 123, 146 (2d Cir. 2002));

<u>see also</u>  <u>McKenna v. City of Philadelphia</u>, 582 F.3d 447, 461 (3d Cir. 2009) ("Here, the Court

concluded that the [Philadelphia Police Department use of force] directives had the potential to

lead the jury to equate local policy violations with constitutional violations, and that this risk of

confusing the issues substantially outweighed the directives' probative value. We do not find that

in making this determination the Court abused its discretion."); <u>Thompson v. City of Chicago</u>,

472 F.3d 444, 454 (7th Cir. 2006) ("§ 1983 protects plaintiffs from constitutional violations, not

violations of state laws or, in this case, departmental regulations and police practices.  In other

words, the violation of police regulations or even a state law is completely immaterial as to the

question of whether a violation of the federal constitution has been established"); <u>Romero v.</u>

<u>Board of County Comm'rs</u>, 60 F.3d 702, 705 (10th Cir. 1995) ("violations of state law and police

procedure generally do not give rise to a 1983 claim"); <u>Smith v. Freland</u>, 954 F.2d 343, 347 (6th

Cir. 1992) ("A city can certainly choose to hold its officers to a higher standard than that

required by the Constitution without being subjected to increased liability under § 1983…").

Since DOC policies and procedures do not create legal duties, they are irrelevant to the issue of

whether plaintiff's constitutional rights were violated and should, therefore, be precluded under

Fed. R. Evid. 402.

Further, any reference to alleged "violations" of DOC policies or directives would

unnecessarily confuse the jury.  The issue in this trial is whether the individual defendants

violated plaintiff's constitutional rights.  If the jury is presented with any portion of a DOC

policy or directive, they are likely to wrongly assume that DOC policy sets out the standard by

which they are to evaluate the defendants' actions, notwithstanding a contrary instruction from

the Court.  It is certainly within the realm of possibility that an officer could disobey DOC

13

procedure and not violate an individual's constitutional rights.  Therefore, any references to alleged "violations" of DOC procedure are irrelevant, unduly prejudicial, and would only confuse the jury.  Accordingly, any references to DOC policies or directives, whether testimonial or through exhibits, should be precluded pursuant to Fed. R. Evid. 402 and 403.

## POINT X

### PLAINTIFF SHOULD BE PRECLUDED FROM TESTIFYING AS TO HOW LONG HE WAS INCARCERATED

Plaintiff alleges in his complaint that he was wrongfully incarcerated on Rikers Island for over three-and-a-half years in connection with the homicide of Willis Bennett.  See ECF Doc. No. 1 at ¶ 71.  As noted above, all of plaintiff's claims related to his arrest, prosecution, and incarceration for the Bennett homicide were dismissed at summary judgment. See ECF Doc. No. 176.  The length of time plaintiff was incarcerated on Rikers Island has no probative value concerning his remaining claims for excessive force and failure to intervene. Any such evidence would only serve to confuse the jury, unfairly elicit sympathy for plaintiff, and would be unduly prejudicial to the defendants and it should accordingly be precluded.

## POINT XI

### PLAINTIFF SHOULD BE PRECLUDED FROM TESTIFYING THAT HE WAS DENIED MEDICAL TREATMENT OR THAT MEDICAL TREATMENT WAS DELAYED BECAUSE NO SUCH CLAIMS WERE PLED IN THE COMPLAINT

Plaintiff should be precluded from testifying or arguing that the defendants or any other DOC employee denied him medical treatment or delayed getting him medical treatment. The only remaining claims to be tried are excessive force and failure to intervene; plaintiff did not plead claims for denial or delay of medical treatment.  Plaintiff testified at his deposition that

14

he was "never able to go to the clinic.  Requested medical treatment on a regular.  I didn't get medical attention maybe like three or four days later if I'm not mistaken."  See Pl. Dep. at 173: 11-14.  However, neither the defendants' nor any other DOC employee's actions *after* the use of force at issue bear on whether the force used by defendants was reasonable under the circumstances at the time.  Any effort by plaintiff to convince the jury that the defendants or any other DOC employee denied or delayed medical treatment would have no probative value as to the remaining claims for excessive force and failure to intervene, would confuse the jury, and would be unduly prejudicial to the defendants.  It should accordingly be precluded.  To be clear, defendants do not seek to preclude any mention of the fact that plaintiff was taken to the clinic for medical treatment; they only seek to preclude any testimony, argument, or insinuation that the defendants or any other DOC employee denied or delayed medical treatment.

## POINT XII

**PLAINTIFF SHOULD BE PRECLUDED FROM TESTIFYING THAT HE SUFFERED ANY ECONOMIC INJURIES AS A RESULT OF THE USE OF FORCE AT ISSUE HERE**

At his deposition, plaintiff testified that he suffered "financial distress" as a result of his arrest for the Bennett homicide.  See Pl. Dep. at 186: 23 – 187: 24.  It appears plaintiff alleges that his clothing brand suffered and he lost income as a result because he was unable to run the business while incarcerated.  Id.  However, this purported damage was proximately caused by his arrest and incarceration for the Bennett homicide, not the isolated use of force incident at issue in this trial.  Plaintiff's purported "financial distress" as a result of his arrest and incarceration have no probative value as to his excessive force claim.  Further, any testimony about his purported economic damage would confuse the jury and be designed to elicit sympathy

15

for plaintiff that would be unduly prejudicial to defendants.  Plaintiff should therefore be precluded from testifying about his purported economic injuries.

## POINT XIII

### PLAINTIFF SHOULD BE PRECLUDED FROM USING STATEMENT SUMMARIES FROM THE ID FILE FOR IMPEACHMENT

ID conducted interviews of plaintiff and Correction Officer Jonathen Powell which are summarized in the ID file.  All of the defendants also submitted handwritten use of force reports which are included in the ID file, and the ID file summarizes these written reports as well.  However, the ID file does not contain verbatim transcriptions of any verbal statements. "The Federal Rules of Evidence allow the introduction of a prior inconsistent statement to impeach a witness's testimony. We have held, however, that a 'third party's characterization' of a witness's statement does not constitute a prior statement of that witness unless the witness has subscribed to that characterization."  United States v. Almonte, 956 F.2d 27, 29 (2d Cir. 1992) (quoting United States v. Leonardi, 623 F.2d 746, 757 (2d Cir. 1980), cert. denied, 447 U.S. 928 (1980) and 449 U.S. 884 (1980)).  "Thus, in the absence of endorsement by the witness, a third party's notes of a witness's statement may not be admitted as a prior inconsistent statement unless they are a verbatim transcript of the witness's own words. The problem, in essence, is one of relevancy. If a third party's notes reflect only that note-taker's summary characterization of a witness's prior statement, then the notes are irrelevant as an impeaching prior inconsistent statement, and thus inadmissible."  Id.  Plaintiff should accordingly be precluded from using the ID statement summaries or written report summaries to impeach any witness at trial.

16

## POINT XIV

### PLAINTIFF SHOULD BE PRECLUDED FROM ELICITING TESTIMONY FROM ANY WITNESS THAT THEY MET WITH DEFENDANTS' ATTORNEYS IN PREPARATION FOR GIVING TESTIMONY

Plaintiff should be precluded from asking any witness if he met with defendants' attorneys in preparation for testifying at trial or deposition.  It cannot be disputed that attorneys have a duty to meet with their witnesses to prepare for depositions and trial.  Any questioning on this point could only be intended to create the misimpression among the jurors that there is something inappropriate or sinister about attorneys preparing their witnesses to testify. Whatever probative value such testimony may have is vastly outweighed by the undue prejudice and confusion it would cause the jury.  Since any such testimony would clearly be intended to mislead the jury, it must be precluded.

## POINT XV

### PLAINTIFF SHOULD BE PRECLUDED FROM TESTIFYING OR ARGUING THAT THE DEFENDANTS SHOULD NOT HAVE EXTRACTED HIM FROM HIS CELL IN THE FIRST PLACE

In the complaint, plaintiff does not allege that the defendants should not have performed the cell extraction in the first instance.  Rather, he alleges that the amount of force used to remove him from his cell was unreasonable under the circumstances.  While the reason the defendants were performing the cell extraction is important background information for the jury, plaintiff should be precluded from arguing or testifying that the defendants did not have a lawful basis to perform the cell extraction in the first place.  This will avoid a trial within the trial about whether the decision to perform the extraction was proper.  Such a sideshow would confuse the issues for the jury, waste time, and would be unduly prejudicial because the jury may

17

speculate that if the initial decision to perform the cell extraction was unlawful, the subsequent use of force was as well.  Defendants propose that in its initial statement to the jury describing the case (as required by the Court's Individual Rule IV(B)(5), which is due to be filed on November 18, 2021), the Court explain that defendants were lawfully permitted to extract plaintiff from his cell.

**POINT XVI**

**PLAINTIFF SHOULD BE PRECLUDED FROM TESTIFYING THAT HE SUSTAINED INJURIES TO HIS WRISTS OR ANKLES AND FROM OFFERING ANY EVIDENCE OF SUCH INJURIES**

In the Joint Pretrial Order ("JPTO"), plaintiff alleges damages for "pain and suffering associated with injuries sustained to his face, nose, wrist, and ankle from his encounter with Defendants."  However, he has never alleged injuries to his wrists or ankles as a result of this incident prior to filing the JPTO.  In the complaint, he alleges that he suffered physical injuries including a broken nose.  See ECF Doc. No. 1 at ¶ 45, 133.  When asked at his 50-h hearing and deposition to describe his injuries from this incident, he never mentioned injuries to his wrists or ankles.  Plaintiff also failed to disclose any alleged wrist or ankle injuries in response to interrogatories.  In support of these novel purported injuries, plaintiff appears to rely on medical records that postdate the incident at issue here, which occurred on February 19, 2015, by several weeks to several months.  Among plaintiff's exhibits listed in the JPTO are medical records from March 13, 2015 which document a complaint of "bilateral wrist and ankle pain," see Pl. Ex. 5, and medical records from July 3, 2015 which state "Pt. involved in a Use of Force and OC Exposure with DOC c/o pain and numbness of B/L wrist."  See Pl. Ex. 4.  Given that plaintiff never previously disclosed any wrist or ankle injuries despite being asked to describe his injuries numerous times, he should be precluded from alleging any such injuries at trial.

18

Furthermore, plaintiff should be precluded from offering Exhibits 4 and 5 into evidence. As noted above, the exhibits relate to medical treatment he received well after the date of incident. Moreover, the records do not attribute the alleged injuries to this incident; indeed, when plaintiff was examined on March 13, 2015 and July 3, 2015 he himself did not even claim that the injuries were a result of this incident. Clearly, these documents have no probative value concerning whether the force used by defendants was reasonable or the issue of what if any injuries plaintiff sustained during the incident. These exhibits would only confuse the jury, waste time, and be unduly prejudicial and should accordingly be precluded.

### POINT XVII

### PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING HIS PROPOSED EXHIBIT 7

Plaintiff's proposed Exhibit 7 is a Correctional Health Services record from February 20, 2015 that contains no mention of injuries or treatment rendered to plaintiff. Rather, it states that the "reason for appointment" was "Medicaid prescreening and Outcome." It further notes that plaintiff was a "no show" because "Detainees in CPSU were holding their slots. DOC informed DP that is not safe. DP will reschedule CM." This information has no probative value concerning the issues presented at this trial. To the extent it alleges that there was a condition in the CPSU that prevented plaintiff from having an appointment, the statement is hearsay that does not fall within any of the exceptions delineated by Rules 803 or 804. It would only confuse the issues for the jury and waste time and should accordingly be precluded.

**POINT XVIII**

**PLAINTIFF SHOULD BE PRECLUDED FROM TESTIFYING OR ARGUING THAT THIS INCIDENT AGGRAVATED A PREEXISTING DEPRESSIVE DISORDER**

In the "Statement of Damages" section in the JPTO, plaintiff alleges damages for "garden variety emotional distress that aggravated pre-existing depressive disorder."  Plaintiff should be precluded from offering any such testimony.  As an initial matter, he proffers no evidence to support a diagnosis of major depressive disorder in the first place.  To the extent his proposed Exhibit 3 states "Depressive disorder NOS" and "Depressive disorder, not elsewhere classified," these notations date from March 19, 2015 and July 3, 2015, well after the incident at issue here.  Regardless, he never testified or otherwise disclosed in discovery that this specific incident allegedly aggravated a preexisting diagnosed depressive disorder.  Moreover, he did not give Rule 26 notice of any witness who would be competent to testify as to a proximate causal relationship between this incident and a preexisting condition.   It is well settled in this Circuit that "expert medical opinion evidence is usually required to show the cause of an injury or disease because the medical effect on the human system of the infliction of injuries is generally not within the sphere of the common knowledge of the lay person."  Barnes v. Anderson, 202 F.3d 150, 159 (2d Cir. 1999) (quotation mark and citation omitted).  "'[D]amages for mental distress generally are not recoverable where the connection between the [mental anguish] and the existing injury is either too remote or tenuous.'"  United States v. City of New York, No. 07 CV 2067 (NGG)(RLM), 2011 U.S. Dist. LEXIS 180371 at *17-*18 (E.D.N.Y. Dec. 21, 2015) (quoting Augustin v. Jablonsky, 819 F. Supp. 2d 153, 168 (E.D.N.Y. 2011)).  Here, plaintiff cannot meet his burden to prove that he had been diagnosed with a major depressive disorder as of the incident, let alone that this incident aggravated any such disorder.  Further, there is no way

to distinguish between alleged aggravation of major depressive disorder resulting from prolonged incarceration as opposed to the alleged excessive force at issue in this trial. He should accordingly be precluded from so testifying or arguing at trial.

## **CONCLUSION**

For the foregoing reasons, defendants Correction Captain Delroy Morrison, Correction Officer Xavier McNeill, Correction Officer Matthew Landow, Correction Officer Jonathen Powell, Correction Officer Jermaine Phillips, and Correction Officer Gordon Noel respectfully request that the Court grant their motions in their entirety, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
      November 4, 2021

> GEORGIA M. PESTANA
> Corporation Counsel of the City of New York
> *Attorney for Defendants Morrison, McNeil,*
> *Landow, Powell, Phillips, and Noel*
> 100 Church Street
> New York, New York 10007
> (212) 356-5044
>
>
> By:   /s/ *Christopher G. Arko*
>         Christopher G. Arko
>         *Senior Counsels*

cc:   Richard Soto, Esq. (by ECF)
       Arthur Schwartz, Esq. (by ECF)
       *Attorneys for plaintiff*