UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

GEORGE BENN,

                              Plaintiff,                            18-cv-0722 (LGS)

      -against-

THE CITY OF NEW YORK, et al.,

                              Defendants.

------------------------------------------------------------------- X


**PLAINTIFF'S MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANT'S MOTIONS
IN LIMINE**


                                                      ADVOCATES FOR JUSTICE,
                                                      CHARTERED ATTORNEYS
                                                      *Attorneys for Plaintiff*
                                                      225 Broadway, Suite 1902
                                                      New York, New York 10007
                                                      Tel: 212-285-1400
                                                      Fax: 718-228-5537

                                                      *Of counsel:*
                                                       Richard Soto
                                                      Arthur Z. Schwartz

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... III

INTRODUCTION .................................................................................................................... 1

STANDARD OF REVIEW ...................................................................................................... 1

ARGUMENT............................................................................................................................. 2

    POINT I:  PLAINTIFF DOES NOT OPPOSE DEFENDANTS' MOTION TO REMOVE THE CITY FROM THE CAPTION, TO BE PRECLUDED FROM REFERRING TO DEFENSE COUNSEL AS "CITY ATTORNEYS," OR TO BE PRECLUDED FROM PRESENTING EVIDENCE OR ARGUMENT CONCERNING INDEMNIFICATION. ................................................................................................ 2

    POINT II:  PLAINTIFF DOES NOT OPPOSE DEFENDANTS' MOTION TO PRECLUDE MENTION THAT THE CITY, GERARD DIMURO, AND FELIX CRUZ WERE PREVIOUSLY DEFENDANTS IN THIS MATTER OR TO HAVE THEIR NAMES STRICKEN FROM THE CAPTION AS DEFENDANTS. ........................... 2

    POINT III:  DEFENDANT DOES NOT OPPOSE PLAINTIFF'S MOTION TO PRECLUDE MENTION THAT SANDRA MURRAY WAS NAMED AS A DEFENDANT OR TO HAVE HER NAME STRICKEN FROM THE CAPTION. ................. 2

    POINT IV:  PLAINTIFF SHOULD BE PERMITTED TO ELICIT EVIDENCE OF OFFICER DISCIPLINARY HISTORIES, COMPLAINTS AGAINST OFFICERS, AND OTHER LAWSUITS. ............................................................................................ 2

    POINT V:  PLAINTIFF SHOULD BE PERMITTED TO REQUEST A SPECIFIC DOLLAR AMOUNT FOR DAMAGES FROM THE JURY. ..................................................... 3

    POINT VI:  PLAINTIFF DOES NOT OPPOSE BEING PRECLUDED FROM INTRODUCING EVIDENCE AND/OR MAKING ARGUMENTS THAT RELATE SOLELY TO CLAIMS THAT HAVE BEEN DISMISSED. ..................................................... 4

    POINT VII:  PLAINTIFF SHOULD BE PERMITTED TO MENTION ALLEGATIONS OF MISCONDUCT AGAINST ANY DEFENDANT OFFICER INCLUDING MATTERS SUBJECT TO MEDIA COVERAGE. ............................................ 4

    POINT VIII:  PLAINTIFF SHOULD BE PERMITTED TO MENTION THAT THE DOC INVESTIGATION DIVISION INVESTIGATED THIS INCIDENT. ............................ 4

    POINT IX:  PLAINTIFF SHOULD BE PERMITTED TO MENTION DOC POLICIES AND DIRECTIVES. ............................................................................................ 5

POINT X:   PLAINTIFF DOES NOT OPPOSE BEING PRECLUDED FROM TESTIFYING AS TO HOW LONG HE WAS INCARCERATED. .......................................... 5

POINT XI:   PLAINTIFF SHOULD NOT BE PRECLUDED FROM TESTIFYING ABOUT THE ADEQUACY OF MEDICAL TREATMENT THAT HE RECEIVED. ............ 5

POINT XII:   PLAINTIFF SHOULD NOT BE PRECLUDED FROM TESTIFYING ABOUT ECONOMIC INJURIES SUFFERED AS A RESULT OF THE USE OF FORCE AT ISSUE. ........................................................................................................ 6

POINT XIII:   PLAINTIFF SHOULD NOT BE PRECLUDED FROM USING STATEMENT SUMMARIES FROM THE ID FILE FOR IMPEACHMENT. ......................... 6

POINT XIV:   PLAINTIFF DOES NOT OPPOSE PRECLUSION OF ELICITING TESTIMONY FROM ANY WITNESS THAT THEY MET WITH ATTORNEYS IN PREPARATION FOR GIVING TESTIMONY. ............................................................................. 6

POINT XV:   PLAINTIFF SHOULD NOT BE PRECLUDED FROM TESTIFYING OR ARGUING THAT DEFENDANTS SHOULD NOT HAVE EXTRACTED HIM FROM HIS CELL IN THE FIRST INSTANCE. ........................................................................ 7

POINT XVI:   PLAINTIFF SHOULD NOT BE PRECLUDED FROM TESTIFYING THAT HE SUSTAINED INJURIES TO HIS WRISTS OR ANKLES OR OFFERING EVIDENCE OF THESE INJURIES............................................................................................. 7

POINT XVI:   PLAINTIFF SHOULD NOT BE PRECLUDED FROM INTRODUCING PROPOSED EXHIBIT 7. ................................................................................ 8

POINT XVIII:   PLAINTIFF SHOULD NOT BE PRECLUDED FROM TESTIFYING OR ARGUING THIS INCIDENT AGGRAVATED A PREEXISTING DEPRESSIVE DISORDER. ...................................................................................................................... 8

CONCLUSION.......................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**

Adames v. G.B. Restaurants Inc., 3024 WL 4772277 (N.D.N.Y. Sept. 24, 2014) ......................... 3

Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc., 2005 WL 1026515
    (S.D.N.Y. May 2, 2005) ................................................................................................ 1

Graham v. City of New York, 128 F.Supp.3d at 681 (E.D.N.Y. 2015) ........................................ 8

Jean-Laurent v. Wilkinson, 2009 WL 666832 (S.D.N.Y. Mar. 13, 2009) ..................................... 3

Lewis v. City of Albany Police Dept., 547 F.Supp.2d 191 (NDNY 2008) .................................... 3

Lightfoot v. Union Carbide Corp., 110 F.3d 898 (2d. Cir.1997) ................................................. 3

Olsen v. Cty. of Nassau, 615 F.Supp.2d 35 (E.D.N.Y.2009) ........................................................ 8

Palmieri v. Defaria, 88 F.3d 136 (2d Cir.1996) ........................................................................... 1

US v. Strother, 49 F.3d 869 (2d Cir. 1995) ................................................................................... 6

## INTRODUCTION

Plaintiff opposes Points IV, V, VII, VIII, IX, XI, XII, XIII, XV, XVI, XVII, and XVIII of Defendants' motions in limine.  In most of these points Defendants seek to exclude evidence that is probative of Defendants' motivations and intent with regard to the use of force against Plaintiff without making a showing of how such evidence may be unduly prejudicial to Defendants beyond a conclusory recitation.  All of the motion points opposed by Plaintiff should be denied for the reasons set forth below.

## STANDARD OF REVIEW

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir.1996) (internal quotation marks omitted); see also Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc., 2005 WL 1026515, at *3 (S.D.N.Y. May 2, 2005) ("The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence.").  "The court's ruling regarding a motion in limine is 'subject to change when the case unfolds.'" Id., 2005 WL 1026515, at *4.

## ARGUMENT

### POINT I

**PLAINTIFF DOES NOT OPPOSE DEFENDANTS' MOTION TO REMOVE THE CITY FROM THE CAPTION, TO BE PRECLUDED FROM REFERRING TO DEFENSE COUNSEL AS "CITY ATTORNEYS," OR TO BE PRECLUDED FROM PRESENTING EVIDENCE OR ARGUMENT CONCERNING INDEMNIFICATION.**

See above.

### POINT II

**PLAINTIFF DOES NOT OPPOSE DEFENDANTS' MOTION TO PRECLUDE MENTION THAT THE CITY, GERARD DIMURO, AND FELIX CRUZ WERE PREVIOUSLY DEFENDANTS IN THIS MATTER OR TO HAVE THEIR NAMES STRICKEN FROM THE CAPTION AS DEFENDANTS.**

See above.

### POINT III

**DEFENDANT DOES NOT OPPOSE PLAINTIFF'S MOTION TO PRECLUDE MENTION THAT SANDRA MURRAY WAS NAMED AS A DEFENDANT OR TO HAVE HER NAME STRICKEN FROM THE CAPTION.**

See above.

### POINT IV

**PLAINTIFF SHOULD BE PERMITTED TO ELICIT EVIDENCE OF OFFICER DISCIPLINARY HISTORIES, COMPLAINTS AGAINST OFFICERS, AND OTHER LAWSUITS.**

Plaintiff should be permitted to elicit evidence of officer disciplinary histories, complaints against the Defendants and other lawsuits where those circumstances alleged in the prior complaints are strikingly similar to those in this case and to help establish Defendants' motivations and intent with regard to the use of force against Plaintiff. See, e.g., Lewis v. City of

2

Albany Police Dept., 547 F.Supp.2d 191, 200 (NDNY 2008) ("the prior complaints were relevant both as to Bonanni's identity as a participant in the use of excessive force and as to his motivation and intent for using such force against an African–American"). See also Jean-Laurent v. Wilkinson, 2009 WL 666832 at *3 (S.D.N.Y. Mar. 13, 2009) ("Jean Laurent will be permitted to introduce Defendant's disciplinary histories only as they relate to complaints that are less than ten years old that were found to be substantiated").

Any potential prejudice to Defendants may be addressed by limiting questioning to complaints and other proceedings where the allegations of the use of force were substantially similar to the allegations at bar and/or were sustained. See supra.

## POINT V

### PLAINTIFF SHOULD BE PERMITTED TO REQUEST A SPECIFIC DOLLAR AMOUNT FOR DAMAGES FROM THE JURY.

As stated in Defendants' brief the Second Circuit does not prohibit suggesting a specific dollar amount to jury to award. Moreover, "the Second Circuit in Consorti did not preclude the practice of anchoring, and in a subsequent case, Lightfoot v. Union Carbide Corp., 110 F.3d 898 (2d. Cir.1997), the Second Circuit stated that it favored "a flexible approach" in which it is 'left to the discretion of the trial judge, who may either prohibit counsel from mentioning specific figures or impose reasonable limitations, including cautionary jury instructions.'" Adames v. G.B. Restaurants Inc., 3024 WL 4772277 at *3 (N.D.N.Y. Sept. 24, 2014) quoting Lightfoot, 110 F.3d at 912. "Contrary of the Defendants' argument, it does not appear that the trend has been toward the banning of plaintiffs from requesting specific amounts of non-economic damages." Id.

3

## POINT VI

### PLAINTIFF DOES NOT OPPOSE BEING PRECLUDED FROM INTRODUCING EVIDENCE AND/OR MAKING ARGUMENTS THAT RELATE SOLELY TO CLAIMS THAT HAVE BEEN DISMISSED.

See above.

## POINT VII

### PLAINTIFF SHOULD BE PERMITTED TO MENTION ALLEGATIONS OF MISCONDUCT AGAINST ANY DEFENDANT OFFICER INCLUDING MATTERS SUBJECT TO MEDIA COVERAGE.

Plaintiff should be permitted to mention allegations against Defendant Officers inasmuch as they are strikingly similar to those in the allegations in this case and to help establish Defendants' motivations and intent with regard to the use of force against Plaintiff. See Point IV, supra. Inasmuch, as Plaintiff can establish that the testimony of a Defendant is untruthful or that outside events such as the "black lives matter movement" factored into the motivation of any of the Defendants, Plaintiff should be permitted to use terms such as "black lives matter", "testifying" and "blue wall of silence" during the course of the trial.

## POINT VIII

### PLAINTIFF SHOULD BE PERMITTED TO MENTION THAT THE DOC INVESTIGATION DIVISION INVESTIGATED THIS INCIDENT.

Plaintiff should be permitted to refer to or offer evidence of the fact that the DOC Investigation Division investigated this incident. The fact that there was an investigation into the matter is probative of Plaintiff's allegations of excessive use of force, inasmuch as DOC was prompted to investigate if there was a deviation of DOC policy on the day in question. Moreover, even though the DOC recommended no disciplinary charges, several of its findings support Plaintiff's claims that his physical injuries were proximately caused by the conduct if Defendants when he was extracted from his cell on February 19, 2015.

4

## POINT IX

### PLAINTIFF SHOULD BE PERMITTED TO MENTION DOC POLICIES AND DIRECTIVES.

Any showing that the conduct of the Defendants deviated from DOC policies and directives, particularly any showing that Defendants ignored or that their actions substantially deviated from DOC policies and directives is probative of Defendants' motivations and intent with regard to the use of force against Plaintiff.  Moreover, any such showing would be probative of whether Defendants' actions were maliciously, wantonly or oppressively done.

## POINT X

### PLAINTIFF DOES NOT OPPOSE BEING PRECLUDED FROM TESTIFYING AS TO HOW LONG HE WAS INCARCERATED.

See above.

## POINT XI

### PLAINTIFF SHOULD NOT BE PRECLUDED FROM TESTIFYING ABOUT THE ADEQUACY OF MEDICAL TREATMENT THAT HE RECEIVED.

Plaintiff's testimony about the adequacy of his medical treatment and the responsiveness of Defendants to his requests for medical treatment are probative of both the severity of his injuries and the motivations and intent of Defendants with respect to the excessive use of force and failure to intervene.  Additionally, Plaintiff's testimony about the responsiveness of Defendants to his requests for medical treatment is probative of whether the excessive use of force was carried out maliciously, wantonly or oppressively.

## POINT XII

### PLAINTIFF SHOULD NOT BE PRECLUDED FROM TESTIFYING ABOUT ECONOMIC INJURIES SUFFERED AS A RESULT OF THE USE OF FORCE AT ISSUE.

Although Plaintiff's deposition in this matter will be available as an impeachment device and to contradict any claims he makes on the stand it does not represent the entirety of the record in this matter with respect to Plaintiff's testimony regarding his claims and the damages he has sustained.  Additionally, Plaintiff testified at his deposition about the loss of motivation he suffered pursuing both his music and fashion interests and how that has affected his future prospects.  These are not events isolated to his arrest and incarceration.  See Pl. Dep. at 186:23-187:24.

## POINT XIII

### PLAINTIFF SHOULD NOT BE PRECLUDED FROM USING STATEMENT SUMMARIES FROM THE ID FILE FOR IMPEACHMENT.

Defendant seeks to limit the use of the ID files for impeachment purposes before it is even possible to lay and review their foundation for impeachment purposes.  "A third party's characterization of a witness's statement can constitute a prior statement of the witness where the witness has "subscribed to that characterization."  See US v. Strother, 49 F.3d 869, 975 (2d Cir. 1995).  The statement summaries from the ID file should be available for impeachment provided Plaintiff can secure subscription to the sum and substance of the summaries at trial.

## POINT XIV

### PLAINTIFF DOES NOT OPPOSE PRECLUSION OF ELICITING TESTIMONY FROM ANY WITNESS THAT THEY MET WITH ATTORNEYS IN PREPARATION FOR GIVING TESTIMONY.

See above.

6

## POINT XV

### PLAINTIFF SHOULD NOT BE PRECLUDED FROM TESTIFYING OR ARGUING THAT DEFENDANTS SHOULD NOT HAVE EXTRACTED HIM FROM HIS CELL IN THE FIRST INSTANCE.

Whether Defendants had actual justification to enter Plaintiff's cell and perform an extraction is probative of the motivations and intent of Defendants with respect to the excessive use of force and failure to intervene. The DOC asserts that Plaintiff was instructed to close his cuffing port and then refused to comply with that command, Plaintiff asserts he was never given any such instruction and that the extraction was precipitated by his complaints about delays in food service. See, e.g., Pl. Dep. 164:6-165:17. This is an issue of material fact that should be presented to the fact finder.

## POINT XVI

### PLAINTIFF SHOULD NOT BE PRECLUDED FROM TESTIFYING THAT HE SUSTAINED INJURIES TO HIS WRISTS OR ANKLES OR OFFERING EVIDENCE OF THESE INJURIES.

Plaintiff's complaint pleaded that "The defendant Corrections Officers proceeded to secure Mr. Benn's *arms and feet* and to strike him about *the body* and face" and "The defendant Corrections Officers caused Mr. Benn substantial injuries including, *but not limited to* a broken nose." Complaint ¶¶ 44 and 45 (emphasis added). The records referencing injuries to the wrist and ankle are from DOC's own records and were produced prior to Plaintiff's deposition in this matter. Defendants were on complete notice over potential claims for injury to the wrist and ankle and Plaintiff should be permitted to pursue evidence pertaining to these injuries at trial.

7

### POINT XVI

### PLAINTIFF SHOULD NOT BE PRECLUDED FROM INTRODUCING PROPOSED EXHIBIT 7.

Plaintiff's proposed exhibit 7 comports with his testimony that he was denied medical treatment and as such should be permitted to be introduced.

### POINT XVIII

### PLAINTIFF SHOULD NOT BE PRECLUDED FROM TESTIFYING OR ARGUING THIS INCIDENT AGGRAVATED A PREEXISTING DEPRESSIVE DISORDER.

Emotional distress awards within the Second Circuit can generally be grouped into three categories of claims: garden-variety, significant, and egregious." Graham v. City of New York, 128 F.Supp.3d 681, 714 (E.D.N.Y. 2015) quoting Olsen v. Cty. of Nassau, 615 F.Supp.2d 35, 46 (E.D.N.Y.2009) (internal quotation marks omitted). "In 'garden variety' emotional distress claims, the evidence of mental suffering is generally limited to the testimony of the Plaintiff, who describes his or her injury in vague or conclusory terms, without relating either the severity or consequences of the injury." Olsen, 615 F.Supp.2d 46. "[S]ignificant" emotional distress claims "are based on more substantial harm or more offensive conduct, are sometimes supported by medical testimony and evidence, evidence of treatment by a healthcare professional and/or medication, and testimony from other, corroborating witnesses." Id. at 46–47 (internal quotation marks omitted). Defendants were placed on notice about Plaintiff's emotional distress damages emanating from excessive use of force and failure to intervene, as early as the Complaint, see Complaint ¶ 49. Garden variety emotional distress damages are available in the Second Circuit and Plaintiff should be permitted to offer evidence to support those damages. Additionally, the medical records that were provided by DOC are probative and supportive of any jury award that tends to reach the upper limit of damages that are permitted under garden variety emotional

8

distress. The arguments being offered by Defendants on limiting evidence of the severity of Plaintiff's emotional distress are more appropriate to a motion to limit a damage award.

## CONCLUSION

For the above-stated reasons, Plaintiff respectfully requests that the Court partially deny Defendants' Motions In Limine, i.e., deny Points IV, V, VII, VIII, IX, XI, XII, XIII, XV, XVI, XVII, and XVIII of Defendants' motion.

Dated: New York, New York
       November 18, 2021

> Respectfully submitted,
>
> ADVOCATES FOR JUSTICE
> CHARTERED ATTORNEYS
> *Attorneys for Plaintiff*
>
> By: /s/  Richard Soto
>     Richard Soto
>     Arthur Z. Schwartz
> 225 Broadway, Suite 1902
> New York, New York 10007
> Tel: 212-285-1400
> Fax: 718-228-5537
> rsoto@advocatesny.com