```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| GEORGE BENN,<br><br>                    Plaintiff,<br><br>-against-<br><br>DELROY MORRISON, ET AL.,<br><br>                    Defendants. | No. 18 Civ. 722 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

On January 13, 2022, the parties appeared for the final pre-trial conference and for oral argument on the motions in limine ("MIL") (dkt. nos. 182-184).  For the reasons stated on the record at the hearing:

- MIL point 1, which seeks to remove the City of New York from the case caption, to preclude Plaintiff from referring to defense counsel as "City Attorneys," and to preclude Plaintiff from presenting any evidence or arguments concerning indemnification, is GRANTED on consent.

- MIL point 2, which seeks to preclude Plaintiff from mentioning that the City of New York, Gerard Dimuro, and Felix Cruz were previously defendants in this matter and to remove Gerard Dimuro and Felix Cruz from the case caption, is GRANTED on consent.

1

- MIL point 3, which seeks to preclude Plaintiff from mentioning that Sandra Murray was named as a defendant and to remove her name from the case caption, is GRANTED on consent.

- MIL point 4, which seeks to preclude Plaintiff from eliciting evidence of Defendants' disciplinary histories, complaints about Defendants, and lawsuits against Defendants; and MIL point 7, which seeks to preclude Plaintiff from mentioning unrelated allegations of misconduct against any Defendant or non-party correction officer, including matters subject to media coverage; are DENIED, subject to the requirement that counsel make a proffer in advance outside the presence of the jury before introducing prior bad acts evidence or using phrases subject to media coverage such as "black lives matter."

- MIL point 5, which seeks to preclude Plaintiff from requesting a specific dollar amount from the jury, is GRANTED.

- MIL point 6, which seeks to preclude Plaintiff from introducing evidence and making arguments that relate solely to claims that have been dismissed, is GRANTED on consent.

- MIL point 8, which seeks to preclude Plaintiff from referring to or offering any evidence of the New York City Department of Correction's investigation into the incident underlying Plaintiff's remaining claims; and MIL point 13, which seeks to preclude Plaintiff from using statement summaries contained in the investigation report into the incident underlying Plaintiff's remaining claims; are GRANTED.  Counsel should not mention the investigation or the investigation's findings nor should counsel use any summaries of statements contained in the investigation report as impeachment material.  To the extent counsel wishes to impeach, counsel should use the written use of force statements, which are in the record and which—unlike the summaries in the investigation report--have been subscribed to by Defendants.
- MIL point 9, which seeks to preclude Plaintiff from mentioning Department of Correction policies or directives, is DENIED, subject to the requirement that counsel make a proffer in advance outside the presence of the jury before referencing DOC policy.
- MIL point 10, which seeks to preclude Plaintiff from testifying about how long he was incarcerated, is GRANTED on consent.

- MIL point 11, which seeks to preclude Plaintiff from testifying that he was denied medical treatment or that medical treatment was delayed, is GRANTED.

- MIL point 12, which seeks to preclude Plaintiff from testifying that he suffered economic injuries as a result of the use of force incident, is GRANTED.

- MIL point 14, which seeks to preclude Plaintiff from eliciting testimony from any witness that he or she met with Defendants' attorneys in preparing for trial, is GRANTED on consent.

- MIL point 15, which seeks to preclude Plaintiff from testifying or arguing that Defendants should not have extracted Plaintiff from his cell, is DENIED.  Counsel may propose a curative instruction.

- MIL point 16, which seeks to preclude Plaintiff from testifying that he sustained injuries to his wrists or ankles and from offering any evidence of such injuries, is DENIED.  Defendants may take a one-hour deposition of Plaintiff in advance of trial focused on the issue of alleged injuries to his wrists and ankles caused by the alleged excessive use of force incident at issue here.  Counsel may renew the motion following the deposition.

- MIL point 17, which seeks to preclude Plaintiff from introducing Exhibit 7 (a Correctional Health Services record from February 20, 2015) is GRANTED.

- MIL point 18, which seeks to preclude Plaintiff from testifying or arguing that the incident at issue aggravated a preexisting depressive disorder, is GRANTED.  Counsel shall not elicit testimony from Plaintiff beyond the alleged "garden variety" emotional distress suffered as a result of the alleged excessive use of force at issue here.  Counsel is admonished not to elicit testimony from Plaintiff about emotional distress attributable to his arrest, incarceration, or other incidents on which partial summary judgment has been granted.

The Court also heard oral argument on certain of Defendants' objections to Plaintiff's proposed trial exhibits (dkt. no. 185 at 6-7).  For the reasons stated on the record at the hearing:

- Exhibit 3, a Correctional Health Services record, is withdrawn by Plaintiff based on this Court's rulings on the motions in limine.

- Exhibit 7, a Correctional Health Services record, is stricken as inadmissible based on this Court's ruling on MIL point 17.

- Exhibit 9, a Department of Corrections investigation report, is stricken as inadmissible based on this Court's rulings on MIL points 8 and 13.

- The objections to Exhibits 4 and 5--both Correctional Health Services records--are reserved pending the deposition that may be taken pursuant to the Court's ruling on MIL point 16.

With respect to pre-trial logistics, the Court instructs the parties as follows:

- Counsel shall confer and jointly submit the trial exhibits, deposition transcripts and any other materials (a) in digital format, on a thumbdrive, in duplicate and (b) in paper format (notwithstanding video exhibits), in triplicate.

- Counsel shall confer and coordinate with the Court's Audio-Visual Department and, if necessary, Chambers on any preparations required for the presentation of evidence or witnesses to the jury.

The Clerk of the Court is respectfully directed to (1) close the motion at Dkt. No. 182, (2) terminate the City of

New York, Det. Felix Cruz, Det. Gerard Dimuro and C.O. Sandra Murray as Defendants in this action, and (3) amend the case caption to George Benn v. Delroy Morrison, et al.

**SO ORDERED.**

Dated:    January 13, 2022
          New York, New York

*[signature: Loretta A. Preska]*
_____
LORETTA A. PRESKA
Senior United States District Judge