UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE BENN,

                                      Plaintiff,

                -against-                                     Case No. 1:18-cv-00722 (JLR)
                                                             **ORDER**
CAPTAIN DELROY MORRISON, et al.,

                                      Defendants.

JENNIFER L. ROCHON, United States District Judge:

        After a jury trial, the jury returned a verdict in favor of Defendants.  The Court Exhibits from

the jury trial are appended to this Order:

- Court Ex. 1:  Draft *Voir Dire* Questions

- Court Ex. 2:  Preliminary Instructions

- Court Ex. 3:  Draft Verdict Sheet

- Court Ex. 4:  Final *Voir Dire* Questions

- Court Ex. 5:  Draft Jury Instructions

- Court Ex. 6:  Second Draft Verdict Sheet

- Court Ex. 7:  Final Jury Instructions

- Court Ex. 8:  Final Verdict Sheet

- Court Ex. 9:  Jury note, dated May 15, 2023 at 2:21 p.m.

- Court Ex. 10:  Jury note, dated May 15, 2023 at 3:56 p.m.

- Court Ex. 11:  Jury verdict (with juror names redacted)

Dated: May 16, 2023
        New York, New York

                                             SO ORDERED.

                                             *Jennifer Rochon*
                                             JENNIFER L. ROCHON
                                             United States District Judge

Court Exhibit 1_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE BENN,

                            Plaintiff,

            -against-                                    Case No. 18 cv 00722 (JLR)

DELROY MORRISON, et al.,

                            Defendants.

JENNIFER L. ROCHON, United States District Judge:

## <u>QUESTIONS FOR JURORS</u>

**Please indicate if your answer to any of the following questions is "yes" by circling the number of that question.  If your answer to a question is "no," you need not do anything.  <u>Do not write your name or make any other marks on the questionnaire</u>.  The only marks you should make are circles around the questions for which the answer is "yes."  If, when asked about a "yes" answer, there is a particularly sensitive issue, please say so and we will speak at the bench.**

## A.  <u>General Questions</u>

1.    This trial is expected to last approximately five days.  Do you have any commitments that would interfere with your serving as a juror at a trial that is expected to end by about Friday?

2.    Do you have any personal knowledge of the allegations in this case as I have described them?

3.    Have you read or heard anything about this case through the media, the Internet, or any other source?

4.    Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

5.    Do you have any doubt that you will be able to apply the law as I explain it to you, even if you disagree with the law or believe that it should be different?

6.    Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person or finding them liable?

7.    If you are chosen as a juror, do you know of any reason why you could not be fair and impartial?

Court Exhibit 1_____

## B.  Knowledge of People or Places

8.    The plaintiff in this case is George Benn.  Do you know, or have you had any
dealings, directly or indirectly, with Mr. Benn?

9.    The plaintiff will be represented at trial by attorney Laine Armstrong and Richard
Soto from Advocates for Justice.  Do you know any of these attorneys?  Have you, or
has anyone close to you, ever had any dealings with these attorneys or Associates for
Justice?

10.    The defendants in this case are Corrections Department Captain Delroy Morrison,
Correction Officer Xavier McNeil, Correction Officer Matthew Landow, Correction
Officer Jonathan Powell, Correction Officer Jermain Phillips, and Correction Officer
Gordon Noel.  Do you know, or have you had any dealings, directly or indirectly,
with any of these individuals?  Has anyone close to you ever had any dealings with
any of these individuals?

11.    The lawyer for the defendants is the Honorable Sylvia Hinds-Radix, who is the
corporation counsel for the City of New York. She is in charge of that entire office
and will not personally appear at this trial. The trial will be handled by Christopher
Arko and _____, who are trial counsel in the Office of the Corporation
Counsel, which is also called the New York City Law Department.  Do you know any
of these attorneys?  Have you, or anyone close to you ever had any dealings with Ms.
Hinds-Radix, Mr. Arko, Mr./Ms. _____, or the Office of the Corporation Counsel
/ New York City Law Department?

12.    The following additional individuals and entities may be mentioned during the trial,
or may be witnesses in this case:

    a.    Sandy Murray

    b.    Rikers Island

Do you know any of these individuals or entities?  Have you, or has anyone close to
you, had any dealings, directly or indirectly, with any of these individuals or entities?

## C.  Personal Experiences and Opinions

13.    Have you, or has anyone close to you, ever studied or practiced law, or worked in any
capacity in the legal field or court system?

14.    Have you, or has anyone close to you, ever worked for or applied to work for a police
department or in a corrections department?

15.    Have you, has or anyone close to you, had an interaction with a New York City
Corrections Department or any other corrections department?

16. Have you, or anyone close to you, ever been incarcerated, meaning detained in a jail, prison, or other correctional facility?

17. Do you have any feelings or views about the New York City Corrections Department or law enforcement generally that would affect your ability to listen to the evidence in this case with an open mind and to follow my instructions on the law?

18. Do you have any feelings or views about the Rikers Island facility that would affect your ability to listen to the evidence in this case with an open mind and to follow my instructions on the law?

19. Do you have any feelings or views about individuals who are incarcerated that would affect your ability to listen to the evidence in this case with an open mind and to follow my instructions on the law?

20. Have you, or anyone close to you, ever been subjected to any type of force by corrections officers or police officers?

21. Have you ever served as a member of a grand jury?

22. Have you ever served as a juror in any court?

23. Have you or any member of your family ever been employed by the city, state or federal government?

24. Have you, or anyone close to you, ever been a party to a lawsuit, either civil or criminal?

25. Are you unable to be fair and impartial in assessing the testimony of witnesses regardless of the witness's gender, race, national origin, mental or physical disabilities, or age?

**D. Difficulties in Understanding or Serving**

26. Do you have any problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

27. Are you taking any medication, or do you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

28. Do you have any difficulty in reading or understanding English?

29. Is there anything that I have not asked you about that would make you uncomfortable about sitting on this case, or that makes you feel like you cannot be a fair and impartial juror in this case?

Court Exhibit 1_____

<u>Questions for Individual Jurors</u>

1.  Please state your name, your county of residence, your borough if you live in one, and your neighborhood.  Have you lived in this county for more than 5 years?

2.  How old are you?

3.  Do you rent or own your home?

4.  How far did you go in school and what schools did you attend, beginning with high school? (If college, what was your field of study in college?)

5.  Are you employed? If so, who is your employer and what are your general job duties? (If retired or unemployed, please identify your last employer and general job duties.)

6.  How long have you been employed in your current position?  If fewer than five (5) years, where else did you work in the last five (5) years?

7.  Who are the members of your household and for whom do they work?

8.  If you have grown children, for whom do they work?  If any are college students, what is their field of study?

9.  Do you belong to any social, union, professional, political, or religious organizations or clubs? If so, which ones?

10. Where do you typically get your news (for example, print, television, cable news, radio, websites, social media)? Which papers, shows, or sites in particular?

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE BENN,

Plaintiff,

-against-

DELROY MORRISON, et al.,

Defendants.

Case No. 18 cv 00722 (JLR)

JENNIFER L. ROCHON, United States District Judge:

## PRELIMINARY JURY INSTRUCTIONS

### 1. Role of Judge and Jury

**A.** Now that you have been sworn, let me give you some instructions about your duties as jurors. In the American system of justice, the judge and the jury have separate roles.

    **i.** My job is to instruct you as to the law that will govern this case, and I will give you most of those instructions at the end of the trial, although I will give you some, including these, before the end. You must take your instructions from the Court — that is, from me —and you are bound by those instructions. You may not substitute your own ideas of what the law is or what you think the law should be.

    **ii.** Your job as jurors will be to determine the facts based on the evidence that comes in during the course of the trial. You are the only deciders of the fact issues, and your determination of the facts will control.

    **iii.** Please do not take anything that I say or do during the course of the trial as indicating that I have a view as to your factual determination. Those decisions are for you.

    **iv.** At the conclusion of the case, your job will be to determine whether the plaintiff has proven his claims against the defendants according to my instructions on the law.

**Court Exhibit 2**

## 2.  Order of Trial

    **A.**  Let me explain how the trial will proceed.

    **B.**  The next step in the trial will be opening statements.  First, counsel for the plaintiff will make an opening statement, which is simply an outline to help you understand the evidence as it is presented.  Then counsel for the defendants will make an opening statement.  I instruct you, however, that opening statements are not evidence.

    **C.**  After opening statements, the plaintiff will present his evidence.  That evidence will consist of the testimony of witnesses as well as documents and exhibits.  The plaintiff's lawyers will examine the witnesses and then the defendants' lawyers may cross-examine them.  Following the plaintiff's case, the defendants may present a case and may call additional witnesses.  The plaintiff's lawyers will have the opportunity to cross-examine any witnesses testifying for the defendants.

    **D.**  After the presentation of evidence is completed, counsel for the parties will deliver their closing arguments to summarize and interpret the evidence.  Just as the lawyers' opening statements are not evidence, their closing arguments are not evidence either.

    **E.**  Following closing arguments, I will instruct you on the law.  Then you will retire to deliberate on your verdict, which must be unanimous, and must be based on the evidence presented at trial.

    **F.**  It is important to remember that this is a civil case.  You may have heard of the "beyond a reasonable doubt" standard in criminal cases.  That requirement does <u>not</u> apply to a civil case and you should put it entirely out of your mind.  In civil cases, the burden is different and it is called proof by a "preponderance of the evidence."  To establish facts by a preponderance of the evidence means to prove that the facts are more likely true than not true.  I will, however, instruct you fully on the burden of proof after all of the evidence has been received.

## 3.  What Is and Isn't Evidence

    **A.**  What, then, is evidence?  Evidence consists only of the testimony of witnesses, documents and other things admitted as evidence, or any stipulations agreed to by the attorneys.  Some of you probably have heard the terms "circumstantial evidence" and "direct evidence."  Do not be concerned with these terms.  You are to consider all the evidence given in this trial.

**B.** Certain things are not evidence and must not be considered by you.  The following is a list of what is not evidence:

  **i.** <u>First</u>, statements and questions by any of the attorneys are not evidence.  Nor are statements I make or questions I ask of a witness.  And, as I said a moment ago, opening and closing statements by the parties are not evidence.

  **ii.** <u>Second</u>, objections to questions are not evidence.  Counsel for the parties are permitted to raise an objection when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objections or by my rulings on them.  If an objection is sustained, ignore the question and any answer that may have been given.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

  **iii.** <u>Third</u>, testimony that I have excluded or told you to disregard is not evidence and must not be considered.

  **iv.** <u>Fourth</u>, anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.  You are to decide the case based solely on the evidence presented here in the courtroom.

**C. If demonstratives will be used:** You may be shown by the attorneys charts and summaries in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

  **i.** It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

**4.    Evaluating the Evidence**

**A.** In deciding the facts of the case, you will have to decide the credibility of the witnesses — that is, how truthful and believable they are.  There is no formula to evaluate evidence.

    **i.** For now, suffice it to say that you bring with you into this courtroom all of the experience and background of your lives.  Do not leave your common sense outside the courtroom.  The same types of tests that you use in your everyday dealings are the tests that you should apply in deciding how much weight, if any, to give to the evidence in this case.  You can apply the same tests here in this courtroom that you use in your everyday life when judging whether someone is telling you the truth:

        **a.** Did they appear to be telling the truth?

        **b.** Did they have a motive to tell you the truth or to lie?

        **c.** Did they appear to have a good recollection of the events they're describing?

    **ii.** Any test that you apply normally in making assessments of reliability and credibility, you can use here. Sometimes, of course, it's not what a witness says but how they say it that can be important to that determination.

**B.** The law does not require you to accept all of the evidence admitted at trial.  In determining what evidence you accept, you must make your own evaluation of the testimony from each of the witnesses and the exhibits that are received in evidence.

**C.** It is essential, however, that you keep an open mind until you have heard all of the evidence in the case.  A case can be presented only step by step, witness by witness.

**D.** As you know from experience, you can hear one person give his or her version of an event and think it sounds very impressive or even compelling, and yet, upon hearing another person's version of the same event — or even the same person cross-examined with respect to the event — things may seem very different.  In other words, there may be another side to any witness's story.

**E.** You should use your common sense and good judgment to evaluate each witness's testimony based on all of the circumstances.  Again, I cannot emphasize too strongly that you must keep an open mind until the trial is over.  You should not reach any conclusions until you have all the evidence before you.

**5.   Rules of Conduct**

**A.** Finally, let me caution you about certain rules and principles governing your conduct as jurors in this case.

    **i.** <u>First</u>, you must not talk to each other about this case or about anyone who has anything to do with it until the end of the case when you go to the jury room to decide on your verdict. And why do we have that rule? We have that rule because we know it's human nature, if you start discussing something, you start expressing a point of view, and then you start defending the point of view, and then you start agreeing or disagreeing with each other. We don't want you to do that until all the evidence is before you. During deliberations, that's the time to discuss the case. As I have said, keep an open mind until you start your deliberations at the end of the case.

    **ii.** <u>Second</u>, do not communicate with anyone else about this case or with anyone who has anything to do with it until the trial has ended and you have been discharged as jurors. Anyone else includes members of your family and your friends. And no communicating about the case means no communicating on Facebook, Twitter, blogs, whatever. You may tell your family and friends that you are a juror in a civil case, but please do not tell them anything else about it until you have been discharged by me. Do not comment on social media about this case or the fact that you are a juror; do not update your status or any website to reflect that you are a juror.

    **iii.** <u>Third</u>, do not let anyone talk to you about the case or about anyone who has anything to do with it. If any person should attempt to communicate with you about this case at any time throughout the trial, either in or out of the courthouse, you must immediately report that to my Deputy and to no one else. When I say report that communication to no one else, I mean that you should not tell anyone, including your fellow jurors.

        **a.** To minimize the probability of any such improper communication, it is important that you go straight to the jury room when you come in in the morning and that you remain in the courtroom or the jury room for the duration of the trial day. You should use the bathrooms in the jury room rather than the bathrooms on this or any other floor; as you were probably told already, you may not use the cafeteria. Given that our morning and afternoon breaks will be short, it is best that you remain in the jury room if you can.

    **iv.** <u>Fourth</u>, do not do any research or any investigation on your own about the case or about anyone who has anything to do with the case. During the course of the trial, you will receive all the evidence you may properly consider to decide the

case.  Because of this, unless and until you are excused as a juror, you should not attempt to gather any information on your own relating to the case.

    **a.** Do not engage in any outside reading on this case.

    **b.** Do not attempt to visit any places mentioned in the case.

    **c.** Do not use the Internet — Google, Facebook, Twitter, or any other social media site — to learn anything about the case or anyone involved in the case, including the lawyers, witnesses, or me.

    **d.** Do not do research of any nature or talk to anyone about the facts of the case or anyone involved in it.

    **e.** The reason for these rules, as I am certain you understand, is that your decision in this case must be made solely on the evidence presented at trial, or lack of evidence.

  **v.** I expect you to inform me immediately, through my Deputy, if you become aware of another juror's violation of these instructions.

  **vi.** This is a public courtroom.  People can come and go.  It may be that you even know someone who enters this courtroom during this trial. If you do, that's fine. Just let my Deputy know so that I can give you a separate instruction.

## 6.  Notetaking

  **A.** Finally, each of you will be given a notebook and pen.  That is because I permit jurors to take notes.  But you do not have to take notes.  Notes are just an aid to your own recollection.  The court reporters in this case record everything that is said in the courtroom and any portion of the testimony can be read back to you during your deliberations.  If you do take notes, be aware that note-taking may distract you from something important that is happening on the witness stand.  Also, if you do take notes, please write your juror number on the front of the pad, so that we can be sure that only you will be making and reviewing the notes that are written in your pad

  **B.** I want to emphasize that your notes are not to be shared with fellow jurors during deliberations, that the fact that a juror has taken notes will not entitle him or her to any greater voice in the deliberations, and that a transcript will be available to all jurors if

there is any difficulty remembering the testimony.  If you do take notes, all notes must be left each day in the jury room.  My Deputy will make sure that they are secure.

## 7.  Final Instruction

    **A.**  From this point until the time when you retire to deliberate, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case.  In that regard, please remember that the parties and counsel in this case have been instructed to have no contact with any of you.  So if you happen to see any of them outside this courtroom, and they do not acknowledge you, say hello, or make small talk, please do not take offense.  As I mentioned earlier, they are not being rude — they are simply following my instructions.

## 8.  Conclusion

    **A.**  That concludes my preliminary instructions to you.

    **B.**  Now we will begin with the initial stage of the case, which, as I said to you, is opening statements, and we are going to begin with the plaintiff.  So at this time I am going to ask all of you to give your undivided attention to the lawyers as they make their opening statements.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE BENN,

                   Plaintiff,

        -against-

CAPTAIN DELROY MORRISON, et al.,

                  Defendants.

Case No. 1:18-cv-722 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

**VERDICT FORM**

**Question 1**
**Excessive Force**: Has plaintiff proved by a preponderance of the evidence that he was subjected to excessive force under Section 1983 by:

| | | | | |
|---|---|---|---|---|
| a. | Captain Morrison: | Yes _____ | No _____ |
| b. | Officer McNeill: | Yes _____ | No _____ |
| c. | Officer Landow: | Yes _____ | No _____ |
| d. | Officer Powell: | Yes _____ | No _____ |
| e. | Officer Noel: | Yes _____ | No _____ |

*If you answered "No" to all of Question 1, your deliberations are finished. Please proceed to the final page and sign this form.*

*If you answered "Yes" to any of the questions above, proceed to Questions 2.*

**Question 2:**
(a)     Has plaintiff proved, by a preponderance of the evidence, that he is entitled to compensatory damages for his excessive force claim?

Yes _____          No _____

(b)     If you answered YES to Question 2a, please write the amount of compensatory damages on the line below that Plaintiff has proven that would fairly and adequately compensate Plaintiff for any injuries proximately caused by his excessive force claim.

$_____

(c)     If you answered YES to Question 2a, but you did not award any compensatory damages to plaintiff on his excessive force claim, please enter a nominal damages award of $1.

$_____

*(Please proceed to Question 3)*

**Question 3:**
**Failure to Intervene:** Has plaintiff proven, by a preponderance of the credible evidence, that any of the following defendants failed to intervene to prevent the use of excessive force by another defendant?

    a.  Captain Morrison:        Yes _____        No _____

    b.  Officer McNeill:          Yes _____        No _____

    c.  Officer Landow:          Yes _____        No _____

    d.  Officer Powell:          Yes _____        No _____

    e.  Officer Noel:            Yes _____        No _____

*If you answered "No" to all of Question 3, skip Question 4 and proceed to Question 5.*

*If you answered "Yes" to any portion of Question 3, please proceed to Question 4.*

**Question 4:**
(a)     Has plaintiff proved, by a preponderance of the evidence, that he is entitled to compensatory damages for his failure to intervene claim?

       Yes _____      No _____

(b)     If you answered YES to Question 4a, please write the amount of compensatory damages on the line below that plaintiff has proven would fairly and adequately compensate him for any injuries proximately caused by a defendant's failure to intervene and that plaintiff suffered over and above what you have already compensated him for by your award, if any, on the previously considered claim for excessive force?

       $_____

(c)     If you answered YES to Question 4a, but you did not award any compensatory damages to plaintiff on his failure to intervene claim, please enter a nominal damages award of $1.

       $_____

*(Please proceed to Questions 5 and 6)*

**Punitive Damages**

**Question 5:**  If you answered YES with respect to any defendant listed in Question 1, has plaintiff proved, by a preponderance of the evidence, that he is entitled to punitive damages from that defendant for his excessive force claim:

a.  Captain Morrison:    Yes _____        No _____

       If you answered YES regarding this defendant, state the amount of punitive damages that you award plaintiff: _____

b.  Officer McNeill:    Yes _____        No _____

       If you answered YES regarding this defendant, state the amount of punitive damages that you award plaintiff: _____

c.  Officer Landow:    Yes _____        No _____

       If you answered YES regarding this defendant, state the amount of punitive damages that you award plaintiff: _____

d.  Officer Powell:    Yes _____        No _____

       If you answered YES regarding this defendant, state the amount of punitive damages that you award plaintiff: _____

e.  Officer Noel:    Yes _____        No _____

       If you answered YES regarding this defendant, state the amount of punitive damages that you award plaintiff: _____

**Question 6:**  If you answered YES with respect to any defendant listed in Question 3, has plaintiff proved, by a preponderance of the evidence, that he is entitled to punitive damages for the failure to intervene by that defendant:

a.  Captain Morrison:    Yes _____        No _____

       If you answered YES regarding this defendant, state the amount of punitive damages that you award plaintiff: _____

b.  Officer McNeill:    Yes _____        No _____

       If you answered YES regarding this defendant, state the amount of punitive damages that you award plaintiff: _____

c.  Officer Landow:    Yes _____        No _____

If you answered YES regarding this defendant, state the amount of punitive damages that you award plaintiff: _____

d.  Officer Powell:          Yes _____          No _____

If you answered YES regarding this defendant, state the amount of punitive damages that you award plaintiff: _____

e.  Officer Noel:          Yes _____          No _____

If you answered YES regarding this defendant, state the amount of punitive damages that you award plaintiff: _____

*(Please proceed to the last page, page 6)*

5

**You have completed all questions.  Please proceed to the signature line below.**

**SIGNATURE LINE**

Foreperson and other jurors, please sign and date the verdict sheet.  Then, without disclosing your verdict, advise the Marshal, that you have reached a verdict and are ready to return to the courtroom for the announcement of your verdict.

_____       _____
Foreperson

_____       _____

_____       _____

_____       _____

Dated:      _____

Court Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE BENN,

                              Plaintiff,

                -against-

DELROY MORRISON, et al.,

                              Defendants.

Case No. 18 cv 00722 (JLR)

JENNIFER L. ROCHON, United States District Judge:

## <u>QUESTIONS FOR JURORS</u>

**Please indicate if your answer to any of the following questions is "yes" by circling the number of that question.  If your answer to a question is "no," you need not do anything.  <u>Do not write your name or make any other marks on the questionnaire</u>.  The only marks you should make are circles around the questions for which the answer is "yes."  If, when asked about a "yes" answer, there is a particularly sensitive issue, please say so and we will speak at the bench.**

## A.  <u>General Questions</u>

1.  This trial is expected to last approximately five days.  Do you have any commitments that would interfere with your serving as a juror at a trial that is expected to end by the middle of next week?

2.  Do you have any personal knowledge of the allegations in this case as I have described them?

3.  Have you read or heard anything about this case through the media, the Internet, or any other source?

4.  Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

5.  Do you have any doubt that you will be able to apply the law as I explain it to you, even if you disagree with the law or believe that it should be different?

6.  Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person or finding them liable?

7.  If you are chosen as a juror, do you know of any reason why you could not be fair and impartial?

1

**B.  Knowledge of People or Places**

8.  The plaintiff in this case is George Benn.  Do you know, or have you had any dealings, directly or indirectly, with Mr. Benn?

9.  The plaintiff will be represented at trial by attorney Laine Armstrong and Richard Soto from Advocates for Justice, Chartered Attorneys.  Do you know any of these attorneys?  Have you, or has anyone close to you, ever had any dealings with these attorneys or Advocates for Justice, Chartered Attorneys?

10.  The defendants in this case are Corrections Department Captain Delroy Morrison, Correction Officer Xavier McNeil, Correction Officer Matthew Landow, Correction Officer Jonathan Powell, Correction Officer Jermain Phillips, and Correction Officer Gordon Noel.  Do you know, or have you had any dealings, directly or indirectly, with any of these individuals?  Has anyone close to you ever had any dealings with any of these individuals?

11.  The lawyer for the defendants is the Honorable Sylvia Hinds-Radix, who is the corporation counsel for the City of New York. She is in charge of that entire office and will not personally appear at this trial. The trial will be handled by Michael Pesin and Zachary Kalmbach who are trial counsel in the Office of the Corporation Counsel, which is also called the New York City Law Department.  Do you know any of these attorneys?  Have you, or anyone close to you ever had any dealings with Ms. Hinds-Radix, Mr. Arko, Mr. Pesin, Mr. Kalmbach, or the Office of the Corporation Counsel / New York City Law Department?

12.  The following additional individuals and entities may be mentioned during the trial, or may be witnesses in this case:

   a.  Sandy Murray

   b.  Otis Bantum Correctional Center

   c.  Rikers Island

   Do you know any of these individuals or entities?  Have you, or has anyone close to you, had any dealings, directly or indirectly, with any of these individuals or entities?

**C.  Personal Experiences and Opinions**

13.  Have you, or has anyone close to you, ever studied or practiced law, or worked in any capacity in the legal field or court system?

14.  Have you, or has anyone close to you, ever worked for or applied to work for a police department or in a corrections department?

15.  Have you, has or anyone close to you, had an interaction with a New York City Corrections Department or any other corrections department?

2

16. Have you, or anyone close to you, ever been incarcerated, meaning detained in a jail, prison, or other correctional facility?

17. Do you have any feelings or views about the New York City Department of Corrections or law enforcement generally that would affect your ability to listen to the evidence in this case with an open mind and to follow my instructions on the law?

18. Do you have any feelings or views about the Rikers Island facility that would affect your ability to listen to the evidence in this case with an open mind and to follow my instructions on the law?

19. Do you have any feelings or views about individuals who are incarcerated that would affect your ability to listen to the evidence in this case with an open mind and to follow my instructions on the law?

20. Have you, or anyone close to you, ever been subjected to any type of force by corrections officers or police officers?

21. Have you ever served as a member of a grand jury?

22. Have you ever served as a juror in any court?

23. Have you or any member of your family ever been employed by the city, state or federal government?

24. Have you, or anyone close to you, ever been a party to a lawsuit, either civil or criminal?

25. Are you unable to be fair and impartial in assessing the testimony of witnesses regardless of the witness's gender, race, national origin, mental or physical disabilities, or age?

## D. Difficulties in Understanding or Serving

26. Do you have any problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

27. Are you taking any medication, or do you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

28. Do you have any difficulty in reading or understanding English?

29. Is there anything that I have not asked you about that would make you uncomfortable about sitting on this case, or that makes you feel like you cannot be a fair and impartial juror in this case?

Court Exhibit 4

<u>Questions for Individual Jurors</u>

1.    Please state your name, your county of residence, your borough if you live in one, and your neighborhood.  Have you lived in this county for more than 5 years?

2.    How old are you?

3.    Do you rent or own your home?

4.    How far did you go in school and what schools did you attend, beginning with high school? (If college, what was your field of study in college?)

5.    Are you employed? If so, who is your employer and what are your general job duties? (If retired or unemployed, please identify your last employer and general job duties.)

6.    How long have you been employed in your current position?  If fewer than five (5) years, where else did you work in the last five (5) years?

7.    Who are the members of your household and for whom do they work?

8.    If you have grown children, for whom do they work?  If any are college students, what is their field of study?

9.    Do you belong to any social, union, professional, political, or religious organizations or clubs? If so, which ones?

10.    Where do you typically get your news (for example, print, television, cable news, radio, websites, social media)? Which papers, shows, or sites in particular?

**Court Exhibit 5**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE BENN,

                              Plaintiff,

            -against-                                    Case No. 18 cv 00722 (JLR)

DELROY MORRISON, et al.,

                              Defendants.

JENNIFER L. ROCHON, United States District Judge:

### JURY INSTRUCTIONS

# TABLE OF CONTENTS

I.      GENERAL INSTRUCTIONS ........................................................................ 1

        A.      Introductory Remarks ........................................................................ 1

        B.      Role of the Court ............................................................................... 1

        C.      Role of the Jury ................................................................................. 2

        D.      Role of Counsel ................................................................................. 2

        E.      Sympathy or Bias .............................................................................. 3

        F.      Burden of Proof ................................................................................. 3

        G.      What Is and Is Not Evidence ............................................................ 5

        H.      Direct and Circumstantial Evidence ................................................ 6

        I.      Witness Credibility ........................................................................... 7

        J.      Prior Inconsistent Statement ............................................................ 8

II.     SUBSTANTIVE INSTRUCTIONS .......................................................... 9

        A.      First Element – Action under Color of Law ................................... 10

        B.      Second Element – Deprivation of a Federal Right ......................... 11

                1.      Commission of Alleged Acts ................................................ 11

                2.      Loss of a Constitutional Right .............................................. 12

                3.      Intent ..................................................................................... 15

        C.      Third Element -- Proximate Cause ................................................. 15

III.    DAMAGES ................................................................................................. 17

        A.      Cautionary Instructions ................................................................... 17

        B.      Compensatory Damages ................................................................... 17

        C.      Nominal Damages ............................................................................ 18

        D.      Punitive Damages ............................................................................ 19

IV.     DELIBERATIONS OF THE JURY .......................................................... 21

        A.      Selection and Duties of Foreperson ................................................ 21

        B.      Right to See Exhibits and Hear Testimony; Communication with the Court ....... 22

        C.      Notes ................................................................................................. 22

        D.      Duty to Deliberate; Unanimous Verdict ......................................... 22

        E.      Verdict Form .................................................................................... 24

        F.      Return of Verdict ............................................................................. 24

V.      CONCLUSION ........................................................................................... 24

# I.     GENERAL INSTRUCTIONS

## A.     Introductory Remarks

Members of the jury, I will now instruct you as to the law that governs this case.  You have been handed a copy of the instructions I will read.  You should feel free to read along or to just listen to me.  You will be able to take your copy of these instructions into the jury room.

Listening to these instructions may not be easy because they are long and extensive.  It is important, however, that you listen carefully and concentrate.  I ask you for patient cooperation and attention.  You'll notice that I'm reading these instructions from a prepared text.  It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So, when I tell you the law, it's critical that I use exactly the right words.

You have now heard all of the evidence in the case as well as the final arguments of the parties.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

There are three parts to these instructions.  First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case.  Most of these instructions would apply to just about any trial.  Second, I'll give you some specific instructions about the legal rules applicable to this particular case.  Third, I'll give you some final instructions about procedure and deliberations.

## B.     Role of the Court

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and to apply them to the facts as you determine them.  With respect to legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle

different from any that I state to you in my instructions, it is my instructions that you must follow. You must not substitute your own notions or opinions of what the law is or what you think it ought to be.  You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

### C.      Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  You evaluate the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.  Any opinion I might have regarding the facts is of absolutely no consequence.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to render judgment impartially and fairly, solely on the evidence in this case and the applicable law.

### D.      Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your concern.  You should draw no inference from the fact that an attorney objects to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection.  If I sustained the objection, you may not consider the testimony or exhibit at issue; if I overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed opinions or had reactions of any kind to the lawyers here, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions or reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question.  You should draw no inference against the attorney or the client.  It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing.  These conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

### E.     Sympathy or Bias

You must evaluate the evidence calmly and objectively, without prejudice or sympathy.  You must be completely fair and impartial.  Your verdict must be based solely on the evidence presented at this trial, or the lack of evidence.

It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict.  So do not be guided by anything except clear thinking and calm analysis of the evidence.  Your verdict will be determined by the conclusions you reach, no matter whom the verdict helps or hurts.

### F.     Burden of Proof

As you know, this is a civil case.  In order to prevail in a civil case, a party who is making a claim against another party has what we call the "burden of proof," which is the burden of establishing each of the essential elements of the claim by a preponderance of the credible evidence.

Here, the party that is making a claim is the plaintiff George Benn.

In this civil trial, it is plaintiff's burden to establish each and every element of his claim by a preponderance of the credible evidence. The "credible evidence" means such testimony, exhibits, or other evidence that you find worthy of belief. To establish an element of a claim by a preponderance of credible evidence means to prove that that element is more likely true than not true. If plaintiff fails to prove, by a preponderance of the evidence, any element of his claim, then you must find for the defendants on that claim.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is in balance or evenly divided between the parties – that is, it is equally probable that one side is right as it is that the other side is right – or that the evidence produced by the party having the burden of proof is outweighed by evidence against his claim, then you must decide that issue against the party having the burden of proof, or the plaintiff in this case. That is because the party bearing the burden, in this case the plaintiff, must prove more than simple equality of evidence -- he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with the burden of proof need prove no more than a preponderance of the evidence. So long as you find that the scales tip,

however slightly, in favor of that party – that what he claims is more likely true than not true – then the element will have been proved by a preponderance of evidence.

One final note on the burden of proof: some of you may have heard of "proof beyond a reasonable doubt." As I told you at the beginning of the trial, "beyond a reasonable doubt" is the standard of proof in a criminal trial. It does not apply to a civil case such as this and you should put it out of your mind.

### G.     What Is and Is Not Evidence

In determining the facts, you must rely upon your own recollection of the evidence. The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness' recollection. Some exhibits have redactions on them, or places where the text has been blocked out. You should not concern yourself with what was redacted, nor why anything was redacted from a document.

As I told you at the start of this case, statements and arguments by the lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. If your recollection of the facts differs from the lawyers' statements, however, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions, restatements of exhibits, or summarizing of the witness' testimony as evidence. It is the witnesses' answers to those questions or the exhibits themselves that are evidence. Similarly, any statements that I may have

made do not constitute evidence.  It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Finally, this means, of course, that anything you may have heard or read outside of this courtroom – on the internet, in the news media, or anywhere else – may play no role in your deliberations.  Your decision in this case must be made solely on the evidence presented at trial.

### H.      Direct and Circumstantial Evidence

Generally, there are two types of evidence that you may consider in reaching your verdict.  One type of evidence is direct evidence.   Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses – something the witness has seen, felt, touched, or heard.  For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather.  Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence from which you may infer the existence of certain facts.  For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella, which was dripping wet.  Then a few minutes later another person entered with a wet raincoat.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So, you have no direct evidence of that fact.  But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact.  As you can see, the matter of drawing inferences from facts in evidence is not a matter of

guesswork or speculation.   An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven.  Many material facts – such as what a person was thinking or intending – are not easily proven by direct evidence.  Proof of such matters may be established by circumstantial evidence.

Circumstantial evidence is as valuable as direct evidence.  The law makes no distinction between direct and circumstantial evidence.

There are times when different inferences may be drawn from the evidence.  The plaintiff asks you to draw one set of inferences.  The defendants ask you to draw another.  It is for you, and for you alone, to decide what inferences you will draw.

### I.      Witness Credibility

It must be clear to you by now that the parties are asking you to draw very different conclusions in the case.  An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank, and forthright; or did the witness seem to be evasive or suspect in some way?  How did the way the witness testified on direct-examination compare with how the witness testified on cross-examination?  Was the witness consistent or contradictory?  Did the witness appear to know what he or she was talking about?  Did the witness strike you as someone who was trying to report his or her knowledge accurately?  These are examples of the

kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with any of the parties that may affect how he or she testified? Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice or hostility that may cause the witness – consciously or not – to give you something other than a completely accurate account of the facts he or she testified to? However, an interested witness is not necessarily less credible than a disinterested witness. The fact that a witness is interested in the outcome of the case does not mean that the witness has not told the truth. It is for you to determine from the witness's demeanor on the stand and such other tests as your experience dictates whether or not the witness's testimony has been colored, intentionally or unintentionally, by the witness's interest.

You should also consider whether the witness had an opportunity to observe the facts he or she testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

If you find that any statement made by a witness was false, in whole or in part, you may disregard the particular part you find to be false or you may disregard the witness' entire testimony as not worthy of belief.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

### J.      Prior Inconsistent Statement

You have heard evidence that certain witnesses may have made statements on earlier

occasions which counsel argue are inconsistent with their trial testimony.  If you find that a witness made an earlier statement that conflicts with that witness' trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

## II.    SUBSTANTIVE INSTRUCTIONS

I will turn now to my instructions on the substantive law to be applied to this case.

This is a civil case with claims brought by the plaintiff against the defendants. In this case, the plaintiff is George Benn.  The defendants are current or former Correction Officers Delroy Morrison, Xavier McNeil, Matthew Landow, Jonathan Powell, Jermain Phillips, and Gordon Noel.

You should consider plaintiff's claims against each of the defendants separately.  Each defendant is entitled to a fair consideration of the evidence relating to that defendant, and is not to be prejudiced by any finding you make for or against any other defendant.

I will now discuss each of the claims in this case and the elements of each of those claims.

Plaintiff asserts claims under a federal civil rights law, 42 U.S.C. § 1983, or "Section 1983" for short.  Section 1983 provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law.  Section 1983 states, in relevant part that:

9

Every person who, under color of [state law], subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws, shall be liable to the party injured [for damages].

Section 1983 creates a form of liability in favor of people who have been deprived of rights secured to them by the United States Constitution.  Section 1983 itself does not establish or create any federally protected right.  Rather, it is the statute that allows people to enforce rights guaranteed to them by the United States Constitution.

To establish claims under Section 1983, plaintiff must demonstrate, by a preponderance of the evidence, the following three elements:

First, that the acts complained of were committed by the defendant acting under color of state law;

Second, that this conduct deprived the plaintiff of rights protected by the United States Constitution or laws of the United States; and

 Third, that the defendant's conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

I will now explain each of these elements in greater detail.

**A.      First Element – Action under Color of Law**

As to the first element — whether the defendants were acting under color of state law — I instruct you that there is no dispute in this case that, during their interactions with plaintiff, the defendants were acting as on-duty correction officers at Rikers Island and that they were therefore acting under color of law.  Plaintiff has therefore established this element, and you do not have to consider it.

### B.        Second Element – Deprivation of a Federal Right

To establish the second element of his section 1983 claims, the plaintiff must show, by a preponderance of the credible evidence, that (1) the defendant you are considering committed the acts alleged by plaintiff; (2) the alleged acts caused the plaintiff to suffer the loss of a constitutional right; and (3) in performing the acts alleged, the defendant you are considering acted intentionally or recklessly, rather than accidentally.

### 1.        Commission of Alleged Acts

The determination of whether a defendant committed the acts as alleged by plaintiff is simply a function of your role as fact finders.  As I explained earlier, it is your duty to consider all of the evidence, assess the credibility of the witnesses, and determine the facts.  The law imposes liability only upon a defendant who "subjects, or causes to be subjected" any person to the deprivation of any federal right.  Thus, in order for plaintiff to prevail on his claims, there must be some evidence of personal involvement by the defendant you are considering.  Under the law, a defendant is considered to have been personally involved in a constitutional violation if the defendant in question directly participated in the alleged wrongful acts.  Therefore, you must first make a determination of personal involvement for the defendant you are considering for the constitutional violations alleged by the plaintiff.  If you find the defendant you are considering was not personally involved in the deprivation of the plaintiff's constitutional rights, then you must find for that defendant on that alleged violation.  If, however, you find that defendant you are considering was personally involved in the deprivation of the plaintiff's constitutional rights, then you must go on and determine whether the plaintiff has proven the other elements of his claims regarding the deprivation of his constitutional rights.

11

### 2.    Loss of a Constitutional Right

If you determine that the defendant you are considering committed the acts as alleged by plaintiff, you must next determine whether that act caused plaintiff to suffer the loss of a constitutional right.

The only constitutional rights at issue in this case are freedom from excessive force and, the concomitant duty of any other defendant who observed the excessive force and had sufficient time to intercede and a capacity to prevent the harm to intervene to keep plaintiff free from excessive force.

<u>Excessive Force</u>

The plaintiff alleges that the defendant violated his Fourth Amendment rights by using excessive force by excessively securing Plaintiff's arms and feet and excessively striking him about the body and face on February 19, 2015 when they entered and exited his cell.  Defendants dispute plaintiff's version of events, in which they gained control of him in order to remove him from his cell, and they contend that they did not use unreasonable force against plaintiff and that they acted at all times in accordance with the existing law.  Therefore, you must first determine whose version of events you believe.

The United States Constitution protects inmates from being subjected to excessive force.  In other words, a law enforcement officer may only employ the amount of force reasonably necessary under the circumstances.

Force is unreasonable if the officer exceeded that degree of force which a reasonable and prudent law enforcement officer, with the facts known to the defendant at the time, would have applied under the same circumstances.  In determining whether the constitutional line has been crossed, you must analyze the totality of the circumstances.  In analyzing the circumstances,

12

considerations such as the following may bear on the reasonableness or unreasonableness of the force used:  the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the defendant to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the defendant; and whether the plaintiff was actively resisting.  This list is not exclusive, I mention it only to illustrate the types of objective circumstances potentially relevant to your determination of whether excessive force was used.  You are to consider the totality of the circumstances in making this determination.

Put another way, even if you find that there was some forcible contact between the plaintiff and the defendant you are considering, that mere fact would not be sufficient by itself to demonstrate that the defendant violated the plaintiff's constitutional rights.  The applicable Constitutional "reasonableness" inquiry is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them at the time of the incident, without regard to the officer's underlying intent or motivation.  In other words, a correction officer's good intentions will not make an excessive use of force permissible, and his bad intentions will not make a reasonable use of force excessive.

Corrections officers are often forced to make split-second judgments about the amount of force that is necessary in a given situation, and you must judge the "reasonableness" of a particular use of force from the perspective of a reasonable officer on the scene, with the facts that the officer knew at the time, rather than with the 20/20 vision of hindsight.  You must allow for the fact that correction officers are forced to work in circumstances that are tense, uncertain and rapidly evolving.  You may also account for the legitimate interests that stem from defendant's need to manage the facility in which the plaintiff was detained.  The question is only

whether the officers' actions are objectively reasonable in light of all the facts and circumstances confronting them.  In this regard, you are not to decide if the least amount of force was used but rather you are only to decide if the force that was used, if any, was reasonable.  You may consider, but do not have to determine, whether the defendants had less intrusive alternatives available to them.  If the defendant you are considering acted within the range of conduct which the evidence shows was reasonable, then you cannot find him liable.

The defendants deny that they subjected the plaintiff to excessive force.  Therefore, you must first determine whether the plaintiff has proven by a preponderance of the credible evidence that the acts alleged by plaintiff actually took place.  If your answers are no, then your deliberations are over and you must bring back a verdict for the defendants on this claim.  If your answers are yes, then you must determine if plaintiff has proven by a preponderance of the credible evidence that the force he alleges was unreasonable under the circumstances.

<u>Failure to Intervene</u>

All correction officers have an affirmative duty to intervene to protect the constitutional rights of inmates from infringement by other correction officers in their presence.  This means that if an officer witnesses another officer committing a constitutional violation, the first officer has an affirmative duty to stop the violation if he has a reasonable opportunity to do so.  Before an officer can be held liable for failure to intervene, you must find that the officer had a realistic opportunity to prevent the harm from occurring – that is, he had sufficient time to intercede and a capacity to prevent the harm.  Plaintiff alleges that the defendants violated this right by failing to intervene to prevent each other from using excessive force when they struck him about the body and face on February 19, 2015. Defendants dispute plaintiff's version of events, and contend that since their

use of force was reasonable there was no concomitant duty to intervene to prevent any excessive use of force.  Therefore, you must first determine whose version of events you believe.

In order to find for plaintiff on this claim, you must find that one or more of the defendants used excessive force in the first instance.  If you find that none of the defendants used excessive force, you need not consider this claim.  Before you can hold any defendant liable for failure to intervene, you must find that plaintiff has proven the following by a preponderance of the evidence: first, that a defendant used excessive force against him; second, that another defendant observed this happening and knew it was unlawful; third, that the observing defendant had a realistic opportunity to intervene; and fourth, that the observing defendant failed to take reasonable steps to prevent the excessive force from occurring.

### 3. Intent

As set forth above, to find a deprivation of a constitutional right for purposes of Section 1983, a plaintiff must prove that in performing the alleged acts, the defendant you are considering acted intentionally or recklessly, rather than accidentally.  An act is intentional if it is done voluntarily and deliberately and not because of mistake or accident.  An act is reckless if done in conscious disregard of its known probable consequences.  To be clear, Section 1983 does not require the plaintiff to demonstrate that the defendant you are considering acted with the specific intent to violate Mr. Benn's federally protected rights.

### C. Third Element -- Proximate Cause

The third element that plaintiff must prove is that the acts of the defendant you are considering were a proximate cause of the injuries plaintiff sustained.  Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by plaintiff.  If you find that any of the defendant's acts or omissions

were a substantial factor in bringing about or actually causing plaintiff's injury, that is, if the injury was a *reasonably foreseeable* consequence of any of the defendant's acts or omissions, then the defendant's acts or omissions were a proximate cause of plaintiff's injuries.  If an injury was a direct result or a reasonably probable consequence of a defendant's acts or omissions, it was proximately caused by such acts or omissions.  Stated another way, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, plaintiff must show, by a preponderance of credible evidence, that his injury would not have occurred without the acts or omissions of the defendants.  If you find that the defendants have proven, by a preponderance of the credible evidence, that plaintiff complains about an injury that would have occurred even in the absence of the defendants' acts or omissions, you must find that the defendants did not proximately cause plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or space.  In addition, there may be more than one proximate cause of an injury.  Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury.  Defendants are not liable if plaintiff's injuries were caused by a new or independent source that intervenes between the defendants' acts or omissions and plaintiff's injuries and produces a result that was not immediately foreseeable by the defendants.  For example, if you find that something other than an act of the defendant likely caused plaintiff's alleged injury, then the injury was not proximately caused by an act of the defendants.

## III.   DAMAGES

### A.   Cautionary Instructions

I have a few cautionary instructions to give you before I discuss damages. First, even though I am going to instruct you on damages, it does not mean I have any opinion on whether or not defendants should be held liable.  Second, with respect to plaintiff's claims, you may only award him damages if he has proven liability according to the standards I have just set forth.

Damages must be based on evidence, not on speculation or sympathy, and you may only award damages for those injuries that plaintiff actually suffered as a result of defendants' conduct. You cannot award plaintiff for injuries he may have suffered at the hands of others.  The damages that you award must be fair compensation, no more and no less.  It is the plaintiff who bears the burden of proving his damages by a preponderance of the credible evidence.

### B.   Compensatory Damages

You may award compensatory damages only for injuries that the plaintiff proves were caused by a defendant's allegedly wrongful conduct.  The damages that you award must be fair compensation, no more and no less.  You may not award compensatory damages for speculative injuries, but only for those injuries that the plaintiff has proven that he actually suffered or will suffer in the future.

If you find in favor of the plaintiff, then you must award the plaintiff such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the defendant you find liable, and no one else.

You shall award actual damages only for those injuries which you find that plaintiff has proven by a preponderance of the evidence.  Moreover, you may not simply award actual damages for any injury suffered by the plaintiff — you must award actual damages for those injuries that

17

are a direct result of actions by the defendant you are considering in connection with claims on which you have found that defendant to be liable to plaintiff. You must distinguish between the existence of a violation of a plaintiff's right and the existence of injuries naturally and proximately resulting from that violation. Thus, even if you find that a defendant deprived the plaintiff of his right, you must ask whether the plaintiff has proven by a preponderance of the evidence that the deprivation actually and proximately caused each of the damages that he claims to have suffered.

If you return a verdict for plaintiff, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of any defendant you found liable.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his damages with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. Your award must be fair and just. It should neither be excessive nor inadequate, but should be reasonable.

In addition to compensation for physical injuries, you may award reasonable monetary damages for the following: emotional damages, such as shame, embarrassment, ridicule, anxiety, injury to reputation, mental anguish, emotional distress, pain and suffering.

### C.   Nominal Damages

Now, let's turn to nominal damages. If you return a verdict for plaintiff but then find that he failed to prove by a preponderance of the credible evidence that he suffered any actual damages,

then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar. This is called nominal damages.

Nominal damages are awarded when a plaintiff has been deprived by a defendant of a constitutional right, but has proved no compensatory damages as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to be free from such action, even when no actual damages flow from the deprivation. You must also award nominal damages if, after finding that some injury resulted from the deprivation of plaintiff's constitutional rights under Section 1983, you are unable to compute compensatory damages except by engaging in pure speculation and guesswork. Therefore, if you find that plaintiff did not prove injuries as a result of the defendant's conduct other than a deprivation of a constitutional right, you must award nominal damages not to exceed one dollar.

### D.   Punitive Damages

Plaintiff seeks punitive damages in this litigation. If plaintiff has proven by the preponderance of the evidence that a defendant is liable, then you may, but you are not required, to determine whether that plaintiff is entitled to punitive damages.

You may award punitive damages if the plaintiff proves by a preponderance of the evidence that the defendant's conduct was malicious and reckless, not merely unreasonable; that is, you may award punitive damages if a defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. An act is malicious and reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others. The purpose of punitive damages is to punish for shocking conduct and to set an example in order to deter him and others from committing similar offenses in the future. In

other words, punitive damages may be awarded only if you find that a plaintiff has proven that a defendant acted so outrageously and evidenced such a degree of malice or callousness that the defendant needs to be punished and an example needs to be set in order to deter defendant and others from similar conduct in the future.

Because this case involves multiple defendants, you must award punitive damages, if any, only against the particular defendant that a plaintiff has proven are merited for that defendant.  Just as for liability, as to punitive damages, each defendant is entitled to separate and individual consideration, without regard to your decision as to any other defendant.

In deciding whether to award punitive damages, you should consider whether any defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages, standing alone, are likely to deter or prevent the defendant from similar wrongful conduct in the future, or whether punitive damages are necessary to provide deterrence.  You should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those a defendant may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages.  That is, in fixing the sum to be awarded, you should consider the degree to which the defendant should be punished for his wrongful conduct, and the degree to which an award of one amount or another will deter him or persons like him from committing wrongful acts in the future.  You must use sound reason in setting the amount—it must not reflect bias, prejudice, or sympathy toward any party.

### D.    Multiple Claims and Multiple Defendants

Plaintiff alleges claims against each of the six defendants.  You must be careful to impose any damages that you may award on a claim solely upon the defendant or defendants who you find to be liable on that claim.  Although there are six defendants in this case, it does not follow that if one is liable, the others are liable as well.  Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other defendant.  If you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only upon that defendant.  If you decide that two or more of the defendants are liable for violating plaintiff's rights, then you must simply determine the overall amount of damages that will fairly and justly compensate plaintiff's injury, without breaking that figure down into individual percentages for which each defendant is liable.

## IV.    DELIBERATIONS OF THE JURY

Ladies and gentlemen of the jury, that concludes the substantive portion of my instructions to you.  You are about to go into the jury room and begin your deliberations.  I will now give you a few final instructions on those deliberations.

### A.    Selection and Duties of Foreperson

It is customary for Juror Number 1 to serve as the foreperson, and that is what we will do here.  The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  The foreperson will send out any notes, and when the jury has reached a verdict, the foreperson will notify the marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

**B.     Right to See Exhibits and Hear Testimony; Communication with the Court**

All of the exhibits admitted into evidence will be sent to the jury room with you.  If you want any of the testimony read, you may request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Your requests for testimony – in fact <u>any</u> communications with the Court – should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the marshals. Please make any notes as clear and precise as possible.  Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached and announced in open court by your foreperson.

**C.     Notes**

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory.  Do not share your notes with other jurors during deliberations.  Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  All jurors' recollections are equal.  If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

**D.     Duty to Deliberate; Unanimous Verdict**

Shortly, you will retire to decide the case.  You are not to discuss the case unless and until all jurors are present.  A majority of jurors together are only a gathering of individuals. Only when all jurors are present do you constitute the jury, and only then may you deliberate.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans.  You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.  Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

If you are divided, do *not* report how the vote stands and if you have reached a verdict do not report what it is until you are asked in open court.

23

### E.      Verdict Form

In a few moments, I will give you the verdict form with the questions for you to answer and you will retire to deliberate your decision.  The questions are not to be taken as any indication that I have any opinion as to how they should be answered.  I have no such opinion, and even if I did, it would not be binding on you.

You should answer every question except where the verdict form indicates otherwise.  You should also proceed through the questions in the order in which they are listed.  Remember, all answers must be unanimous.

### F.      Return of Verdict

After you have reached a verdict, your foreperson will fill in the form that has been given to you, you will all sign and date it, and your foreperson will advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced and officially recorded, it cannot ordinarily be revoked.

## V.      CONCLUSION

In conclusion, gentlemen, I am sure that if you listen to the views of your fellow jurors, consider all of the evidence, apply your own common sense, and follow my instructions on the law, you will reach a fair verdict here.  Thank you for your time and attentiveness.

Court Exhibit 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE BENN,

                Plaintiff,

       -against-

CAPTAIN DELROY MORRISON, et al.,

               Defendants.

Case No. 1:18-cv-722 (JLR)

**<u>ORDER</u>**

JENNIFER L. ROCHON, United States District Judge:

**<u>VERDICT FORM</u>**

**Question 1**
**Excessive Force**: Has plaintiff proved by a preponderance of the evidence that he was subjected to excessive force under Section 1983 by:

    a.  Captain Morrison:        Yes _____        No _____

    b.  Officer McNeill:         Yes _____        No _____

    c.  Officer Landow:          Yes _____        No _____

    d.  Officer Phillips           Yes _____        No _____

    e.  Officer Powell:          Yes _____        No _____

    f.  Officer Noel:            Yes _____        No _____

*If you answered "No" to all of Question 1, your deliberations are finished. Please proceed to the final page and sign this form.*

*If you answered "Yes" to any of the questions above, proceed to Questions 2.*

**Question 2:**
**Failure to Intervene:** Has plaintiff proven, by a preponderance of the credible evidence, that any of the following defendants failed to intervene to prevent the use of excessive force by another defendant?  If you answered YES as to a particular Defendant for Question 1, you may not also answer YES for that Defendant for this Question.

    a.  Captain Morrison:        Yes _____        No _____

    b.  Officer McNeill:         Yes _____        No _____

    c.  Officer Landow:          Yes _____        No _____

    d.  Officer Phillips           Yes _____        No _____

    e.  Officer Powell:          Yes _____        No _____

    f.  Officer Noel:            Yes _____        No _____

*(Please proceed to Question 3)*

2

**Compensatory Damages**
**Question 3:**
(a)      Has plaintiff proved, by a preponderance of the evidence, that he is entitled to compensatory damages for his excessive force and/or failure to intervene claim?

Yes _____          No _____

(b)      If you answered YES to Question 3a, please write the amount of compensatory damages on the line below that Plaintiff has proven that would fairly and adequately compensate Plaintiff for any injuries proximately caused by his claims.

$_____

(c)      If you answered YES to Questions 1 and/or 2, but you did not award any compensatory damages to plaintiff on his claims, please enter a nominal damages award of $1.

$_____

*(Please proceed to Question 4)*

3

**Punitive Damages**

**Question 4:**  If you answered YES with respect to any defendant listed in Question 1 and/or Question 2, has plaintiff proved, by a preponderance of the evidence, that he is entitled to punitive damages from that defendant:

a.  Captain Morrison:     Yes _____          No _____

       If you answered YES regarding this defendant, state the amount of punitive damages that you award plaintiff: _____

b.  Officer McNeill:     Yes _____          No _____

       If you answered YES regarding this defendant, state the amount of punitive damages that you award plaintiff: _____

c.  Officer Landow:     Yes _____          No _____

       If you answered YES regarding this defendant, state the amount of punitive damages that you award plaintiff: _____

d.  Officer Phillips:     Yes _____          No _____

       If you answered YES regarding this defendant, state the amount of punitive damages that you award plaintiff: _____

e.  Officer Powell:     Yes _____          No _____

       If you answered YES regarding this defendant, state the amount of punitive damages that you award plaintiff: _____

f.  Officer Noel:     Yes _____          No _____

       If you answered YES regarding this defendant, state the amount of punitive damages that you award plaintiff: _____

*(Please proceed to the last page, page 5)*

**You have completed all questions.  Please proceed to the signature line below.**

**SIGNATURE LINE**

Foreperson and other jurors, please sign and date the verdict sheet.  Then, without disclosing your verdict, advise the Marshal, that you have reached a verdict and are ready to return to the courtroom for the announcement of your verdict.

_____     _____
Foreperson

_____     _____

_____     _____

_____     _____

Dated: _____

**Court Exhibit 7**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE BENN,

                                   Plaintiff,

            -against-                                    Case No. 18 cv 00722 (JLR)

DELROY MORRISON, et al.,

                                   Defendants.

JENNIFER L. ROCHON, United States District Judge:

**<u>JURY INSTRUCTIONS</u>**

# TABLE OF CONTENTS

I.  GENERAL INSTRUCTIONS .......................................................................................... 1

    A.  Introductory Remarks ............................................................................................ 1

    B.  Role of the Court ................................................................................................... 1

    C.  Role of the Jury ..................................................................................................... 2

    D.  Role of Counsel ..................................................................................................... 2

    E.  Sympathy or Bias .................................................................................................. 3

    F.  Burden of Proof ..................................................................................................... 3

    G.  What Is and Is Not Evidence ................................................................................ 5

    H.  Direct and Circumstantial Evidence ..................................................................... 6

    I.  Witness Credibility ................................................................................................ 7

    J.  Prior Inconsistent Statement ................................................................................. 8

II.  SUBSTANTIVE INSTRUCTIONS ................................................................................ 9

    A.  First Element – Action under Color of Law ....................................................... 10

    B.  Second Element – Deprivation of a Federal Right ............................................. 10

        1.  Commission of Alleged Acts ..................................................................... 11

        2.  Loss of a Constitutional Right ................................................................... 11

        3.  Intent .......................................................................................................... 15

    C.  Third Element -- Proximate Cause ..................................................................... 15

III.  DAMAGES ................................................................................................................... 16

    A.  Cautionary Instructions ....................................................................................... 16

    B.  Compensatory Damages ...................................................................................... 17

    C.  Nominal Damages ............................................................................................... 18

    D.  Punitive Damages ................................................................................................ 19

IV.  DELIBERATIONS OF THE JURY .............................................................................. 21

    A.  Selection and Duties of Foreperson .................................................................... 21

    B.  Right to See Exhibits and Hear Testimony; Communication with the Court ....... 21

    C.  Notes ................................................................................................................... 22

    D.  Duty to Deliberate; Unanimous Verdict ............................................................. 22

    E.  Verdict Form ....................................................................................................... 23

    F.  Return of Verdict ................................................................................................ 24

V.  CONCLUSION ............................................................................................................. 24

# I.   GENERAL INSTRUCTIONS

## A.   Introductory Remarks

Members of the jury, I will now instruct you as to the law that governs this case.  You have been handed a copy of the instructions I will read.  You should feel free to read along or to just listen to me.  You will be able to take your copy of these instructions into the jury room.

Listening to these instructions may not be easy because they are long and extensive.  It is important, however, that you listen carefully and concentrate.  I ask you for patient cooperation and attention.  You'll notice that I'm reading these instructions from a prepared text.  It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So, when I tell you the law, it's critical that I use exactly the right words.

You have now heard all of the evidence in the case as well as the final arguments of the parties.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

There are three parts to these instructions.  First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case.  Most of these instructions would apply to just about any trial.  Second, I'll give you some specific instructions about the legal rules applicable to this particular case.  Third, I'll give you some final instructions about procedure and deliberations.

## B.   Role of the Court

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and to apply them to the facts as you determine them.  With respect to legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle

1

different from any that I state to you in my instructions, it is my instructions that you must follow. You must not substitute your own notions or opinions of what the law is or what you think it ought to be.  You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

      **C.**      **Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts.  You evaluate the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.  Any opinion I might have regarding the facts is of absolutely no consequence.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to render judgment impartially and fairly, solely on the evidence in this case and the applicable law.

      **D.**      **Role of Counsel**

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your concern.  You should draw no inference from the fact that an attorney objects to any evidence.  Nor should you draw any inference from the fact that I might have sustained or overruled an objection.  If I sustained the objection, you may not consider the testimony or exhibit at issue; if I overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed opinions or had reactions of any kind to the lawyers here, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions or reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question.  You should draw no inference against the attorney or the client.  It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing.  These conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

### E.      Sympathy or Bias

You must evaluate the evidence calmly and objectively, without prejudice or sympathy.  You must be completely fair and impartial.  Your verdict must be based solely on the evidence presented at this trial, or the lack of evidence.

It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict.  So do not be guided by anything except clear thinking and calm analysis of the evidence.  Your verdict will be determined by the conclusions you reach, no matter whom the verdict helps or hurts.

### F.      Burden of Proof

As you know, this is a civil case.  In order to prevail in a civil case, a party who is making a claim against another party has what we call the "burden of proof," which is the burden of establishing each of the essential elements of the claim by a preponderance of the credible evidence.

Here, the party that is making a claim is the plaintiff George Benn.

In this civil trial, it is plaintiff's burden to establish each and every element of his claim by a preponderance of the credible evidence. The "credible evidence" means such testimony, exhibits, or other evidence that you find worthy of belief. To establish an element of a claim by a preponderance of credible evidence means to prove that that element is more likely true than not true. If plaintiff fails to prove, by a preponderance of the evidence, any element of his claim, then you must find for the defendants on that claim.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is in balance or evenly divided between the parties – that is, it is equally probable that one side is right as it is that the other side is right – or that the evidence produced by the party having the burden of proof is outweighed by evidence against his claim, then you must decide that issue against the party having the burden of proof, or the plaintiff in this case. That is because the party bearing the burden, in this case the plaintiff, must prove more than simple equality of evidence -- he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with the burden of proof need prove no more than a preponderance of the evidence. So long as you find that the scales tip,

however slightly, in favor of that party – that what he claims is more likely true than not true – then the element will have been proved by a preponderance of evidence.

One final note on the burden of proof: some of you may have heard of "proof beyond a reasonable doubt." As I told you at the beginning of the trial, "beyond a reasonable doubt" is the standard of proof in a criminal trial. It does not apply to a civil case such as this and you should put it out of your mind.

### G.     What Is and Is Not Evidence

In determining the facts, you must rely upon your own recollection of the evidence. The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness' recollection. Some exhibits have redactions on them, or places where the text has been blocked out. You should not concern yourself with what was redacted, nor why anything was redacted from a document.

As I told you at the start of this case, statements and arguments by the lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. If your recollection of the facts differs from the lawyers' statements, however, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions, restatements of exhibits, or summarizing of the witness' testimony as evidence. It is the witnesses' answers to those questions or the exhibits themselves that are evidence. Similarly, any statements that I may have

made do not constitute evidence.  It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Finally, this means, of course, that anything you may have heard or read outside of this courtroom – on the internet, in the news media, or anywhere else – may play no role in your deliberations.  Your decision in this case must be made solely on the evidence presented at trial.

### H.       Direct and Circumstantial Evidence

Generally, there are two types of evidence that you may consider in reaching your verdict. One type of evidence is direct evidence.  Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses – something the witness has seen, felt, touched, or heard.  For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather.  Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence from which you may infer the existence of certain facts.  For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella, which was dripping wet.  Then a few minutes later another person entered with a wet raincoat.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So, you have no direct evidence of that fact.  But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact. As you can see, the matter of drawing inferences from facts in evidence is not a matter of

guesswork or speculation.  An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven.  Many material facts – such as what a person was thinking or intending – are not easily proven by direct evidence.  Proof of such matters may be established by circumstantial evidence.

Circumstantial evidence is as valuable as direct evidence.  The law makes no distinction between direct and circumstantial evidence.

There are times when different inferences may be drawn from the evidence.  The plaintiff asks you to draw one set of inferences.  The defendants ask you to draw another.  It is for you, and for you alone, to decide what inferences you will draw.

I.      **Witness Credibility**

It must be clear to you by now that the parties are asking you to draw very different conclusions in the case.  An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank, and forthright; or did the witness seem to be evasive or suspect in some way?  How did the way the witness testified on direct-examination compare with how the witness testified on cross-examination?  Was the witness consistent or contradictory?  Did the witness appear to know what he or she was talking about?  Did the witness strike you as someone who was trying to report his or her knowledge accurately?  These are examples of the

kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with any of the parties that may affect how he or she testified? Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice or hostility that may cause the witness – consciously or not – to give you something other than a completely accurate account of the facts he or she testified to? However, an interested witness is not necessarily less credible than a disinterested witness. The fact that a witness is interested in the outcome of the case does not mean that the witness has not told the truth. It is for you to determine from the witness's demeanor on the stand and such other tests as your experience dictates whether or not the witness's testimony has been colored, intentionally or unintentionally, by the witness's interest.

You should also consider whether the witness had an opportunity to observe the facts he or she testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

If you find that any statement made by a witness was false, in whole or in part, you may disregard the particular part you find to be false or you may disregard the witness' entire testimony as not worthy of belief.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

## J.     Prior Inconsistent Statement

You have heard evidence that certain witnesses may have made statements on earlier

occasions which counsel argue are inconsistent with their trial testimony.  If you find that a witness made an earlier statement that conflicts with that witness' trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

## II.    SUBSTANTIVE INSTRUCTIONS

I will turn now to my instructions on the substantive law to be applied to this case.

This is a civil case with claims brought by the plaintiff against the defendants. In this case, the plaintiff is George Benn.  The defendants are current or former Correction Officers Delroy Morrison, Xavier McNeil, Matthew Landow, Jonathan Powell, Jermain Phillips, and Gordon Noel.

You should consider plaintiff's claims against each of the defendants separately.  Each defendant is entitled to a fair consideration of the evidence relating to that defendant, and is not to be prejudiced by any finding you make for or against any other defendant.

I will now discuss each of the claims in this case and the elements of each of those claims.

Plaintiff asserts claims under a federal civil rights law, 42 U.S.C. § 1983, or "Section 1983" for short.  Section 1983 provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law.  Section 1983 states, in relevant part that:

9

Every person who, under color of [state law], subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws, shall be liable to the party injured [for damages].

Section 1983 creates a form of liability in favor of people who have been deprived of rights secured to them by the United States Constitution.  Section 1983 itself does not establish or create any federally protected right.  Rather, it is the statute that allows people to enforce rights guaranteed to them by the United States Constitution.

To establish claims under Section 1983, plaintiff must demonstrate, by a preponderance of the evidence, the following three elements:

First, that the acts complained of were committed by the defendant acting under color of state law;

Second, that this conduct deprived the plaintiff of rights protected by the United States Constitution or laws of the United States; and

 Third, that the defendant's conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

I will now explain each of these elements in greater detail.

## A.    First Element – Action under Color of Law

As to the first element — whether the defendants were acting under color of state law — I instruct you that there is no dispute in this case that, during their interactions with plaintiff, the defendants were acting as on-duty correction officers and that they were therefore acting under color of law.  Plaintiff has therefore established this element, and you do not have to consider it.

## B.    Second Element – Deprivation of a Federal Right

To establish the second element of his section 1983 claims, the plaintiff must show, by a preponderance of the credible evidence, that (1) the defendant you are considering committed the

acts alleged by plaintiff; (2) the alleged acts caused the plaintiff to suffer the loss of a constitutional right; and (3) in performing the acts alleged, the defendant you are considering acted intentionally or recklessly, rather than accidentally.

### 1.    Commission of Alleged Acts

The determination of whether a defendant committed the acts as alleged by plaintiff is simply a function of your role as fact finders. As I explained earlier, it is your duty to consider all of the evidence, assess the credibility of the witnesses, and determine the facts. The law imposes liability only upon a defendant who "subjects, or causes to be subjected" any person to the deprivation of any federal right. Thus, in order for plaintiff to prevail on his claims, there must be some evidence of personal involvement by the defendant you are considering. Under the law, a defendant is considered to have been personally involved in a constitutional violation if the defendant in question directly participated in the alleged wrongful acts. Therefore, you must first make a determination of personal involvement for the defendant you are considering for the constitutional violations alleged by the plaintiff. If you find the defendant you are considering was not personally involved in the deprivation of the plaintiff's constitutional rights, then you must find for that defendant on that alleged violation. If, however, you find that defendant you are considering was personally involved in the deprivation of the plaintiff's constitutional rights, then you must go on and determine whether the plaintiff has proven the other elements of his claims regarding the deprivation of his constitutional rights.

### 2.    Loss of a Constitutional Right

If you determine that the defendant you are considering committed the acts as alleged by plaintiff, you must next determine whether that act caused plaintiff to suffer the loss of a constitutional right.

11

The only constitutional rights at issue in this case are freedom from excessive force and, the concomitant duty of any other defendant who observed the excessive force and had sufficient time to intercede and a capacity to prevent the harm to intervene to keep plaintiff free from excessive force.

Excessive Force

The plaintiff alleges that the defendants violated his Fourth Amendment rights by using excessive force.  Defendants dispute that they used  excessive force against plaintiff.

The United States Constitution protects inmates from being subjected to excessive force.  In other words, a law enforcement officer may only employ the amount of force reasonably necessary under the circumstances.

Force is unreasonable if the officer exceeded that degree of force which a reasonable and prudent law enforcement officer, with the facts known to the defendant at the time, would have applied under the same circumstances.  In determining whether the constitutional line has been crossed, you must analyze the totality of the circumstances.  In analyzing the circumstances, considerations such as the following may bear on the reasonableness or unreasonableness of the force used:  the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the defendant to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the defendant; and whether the plaintiff was actively resisting.  This list is not exclusive, I mention it only to illustrate the types of objective circumstances potentially relevant to your determination of whether excessive force was used.  You are to consider the totality of the circumstances in making this determination.

Put another way, even if you find that there was some forcible contact between the plaintiff and the defendant you are considering, that mere fact would not be sufficient by itself to demonstrate that the defendant violated the plaintiff's constitutional rights.  The applicable Constitutional "reasonableness" inquiry is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them at the time of the incident, without regard to the officer's underlying intent or motivation.  In other words, a correction officer's good intentions will not make an excessive use of force permissible, and his bad intentions will not make a reasonable use of force excessive.

Corrections officers are often forced to make split-second judgments about the amount of force that is necessary in a given situation, and you must judge the "reasonableness" of a particular use of force from the perspective of a reasonable officer on the scene, with the facts that the officer knew at the time, rather than with the 20/20 vision of hindsight.  You must allow for the fact that correction officers are forced to work in circumstances that are tense, uncertain and rapidly evolving.  You may also account for the legitimate interests that stem from defendants' need to manage the facility in which the plaintiff was detained.  The question is only whether the officers' actions are objectively reasonable in light of all the facts and circumstances confronting them.  In this regard, you are not to decide if the least amount of force was used but rather you are only to decide if the force that was used, if any, was reasonable.  You may consider, but do not have to determine, whether the defendants had less intrusive alternatives available to them.  If the defendant you are considering acted within the range of conduct which the evidence shows was reasonable, then you cannot find him liable.

The defendants deny that they subjected the plaintiff to excessive force.  Therefore, you must first determine whether the plaintiff has proven by a preponderance of the credible evidence

that the acts alleged by plaintiff actually took place.  If your answers are no, then your deliberations are over and you must bring back a verdict for the defendants on this claim.  If your answers are yes, then you must determine if plaintiff has proven by a preponderance of the credible evidence that the force he alleges was unreasonable under the circumstances.

Failure to Intervene

All correction officers have an affirmative duty to intervene to protect the constitutional rights of inmates from infringement by other correction officers in their presence.  This means that if an officer witnesses another officer committing a constitutional violation, the first officer has an affirmative duty to stop the violation if he has a reasonable opportunity to do so.  Before an officer can be held liable for failure to intervene, you must find that the officer had a realistic opportunity to prevent the harm from occurring – that is, he had sufficient time to intercede and a capacity to prevent the harm.   Plaintiff alleges that the defendants violated this right by failing to intervene to prevent each other from using excessive force when they struck him about the body and face on February 19, 2015. Defendants dispute plaintiff's version of events, and contend that since their use of force was reasonable there was no concomitant duty to intervene to prevent any excessive use of force.  Therefore, you must first determine whose version of events you believe.

In order to find for plaintiff on this claim, you must find that one or more of the defendants used excessive force in the first instance.  If you find that none of the defendants used excessive force, you need not consider this claim.  Before you can hold any defendant liable for failure to intervene, you must find that plaintiff has proven the following by a preponderance of the evidence: first, that a defendant used excessive force against him; second, that another defendant observed this happening and knew it was unlawful; third, that the observing defendant had a realistic

opportunity to intervene; and fourth, that the observing defendant failed to take reasonable steps to prevent the excessive force from occurring.

### 3.   Intent

As set forth above, to find a deprivation of a constitutional right for purposes of Section 1983, a plaintiff must prove that in performing the alleged acts, the defendant you are considering acted intentionally or recklessly, rather than accidentally. An act is intentional if it is done voluntarily and deliberately and not because of mistake or accident. An act is reckless if done in conscious disregard of its known probable consequences. To be clear, Section 1983 does not require the plaintiff to demonstrate that the defendant you are considering acted with the specific intent to violate Mr. Benn's federally protected rights.

### C.   Third Element -- Proximate Cause

The third element that plaintiff must prove is that the acts of the defendant you are considering were a proximate cause of the injuries plaintiff sustained. Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by plaintiff. If you find that any of the defendant's acts or omissions were a substantial factor in bringing about or actually causing plaintiff's injury, that is, if the injury was a *reasonably foreseeable* consequence of any of the defendant's acts or omissions, then the defendant's acts or omissions were a proximate cause of plaintiff's injuries. If an injury was a direct result or a reasonably probable consequence of a defendant's acts or omissions, it was proximately caused by such acts or omissions. Stated another way, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, plaintiff must show, by a preponderance of credible evidence, that his injury would not have occurred without the acts or omissions of the defendants. If you find that the defendants have proven, by a preponderance of the credible evidence, that plaintiff complains about an injury that would have occurred even in the absence of the defendants' acts or omissions, you must find that the defendants did not proximately cause plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or space. In addition, there may be more than one proximate cause of an injury. Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury. Defendants are not liable if plaintiff's injuries were caused by a new or independent source that intervenes between the defendants' acts or omissions and plaintiff's injuries and produces a result that was not immediately foreseeable by the defendants. For example, if you find that something other than an act of the defendant likely caused plaintiff's alleged injury, then the injury was not proximately caused by an act of the defendants.

## III.    DAMAGES

### A.    Cautionary Instructions

I have a few cautionary instructions to give you before I discuss damages. First, even though I am going to instruct you on damages, it does not mean I have any opinion on whether or not defendants should be held liable. Second, with respect to plaintiff's claims, you may only award him damages if he has proven liability according to the standards I have just set forth.

Damages must be based on evidence, not on speculation or sympathy, and you may only award damages for those injuries that plaintiff actually suffered as a result of defendants' conduct. You cannot award plaintiff for injuries he may have suffered at the hands of others. The damages

16

that you award must be fair compensation, no more and no less.  It is the plaintiff who bears the burden of proving his damages by a preponderance of the credible evidence.

### B.        Compensatory Damages

You may award compensatory damages only for injuries that the plaintiff proves were caused by a defendant's allegedly wrongful conduct.  The damages that you award must be fair compensation, no more and no less.  You may not award compensatory damages for speculative injuries, but only for those injuries that the plaintiff has proven that he actually suffered or will suffer in the future.

If you find in favor of the plaintiff, then you must award the plaintiff such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the defendant you find liable, and no one else.

You shall award actual damages only for those injuries which you find that plaintiff has proven by a preponderance of the evidence.  Moreover, you may not simply award actual damages for any injury suffered by the plaintiff — you must award actual damages for those injuries that are a direct result of actions by the defendant you are considering in connection with claims on which you have found that defendant to be liable to plaintiff.  You must distinguish between the existence of a violation of a plaintiff's right and the existence of injuries naturally and proximately resulting from that violation.  Thus, even if you find that a defendant deprived the plaintiff of his right, you must ask whether the plaintiff has proven by a preponderance of the evidence that the deprivation actually and proximately caused each of the damages that he claims to have suffered.

If you return a verdict for plaintiff, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of any defendant you found liable.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his damages with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. Your award must be fair and just. It should neither be excessive nor inadequate, but should be reasonable.

In addition to compensation for physical injuries, you may award reasonable monetary damages for the following: emotional damages, such as shame, embarrassment, anxiety, mental anguish, emotional distress, pain and suffering.

### C.      Nominal Damages

Now, let's turn to nominal damages. If you return a verdict for plaintiff but then find that he failed to prove by a preponderance of the credible evidence that he suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar. This is called nominal damages.

Nominal damages are awarded when a plaintiff has been deprived by a defendant of a constitutional right, but has proved no compensatory damages as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to be free from such action, even when no actual damages flow from the deprivation. You must also award nominal damages if, after finding that some injury resulted from the deprivation of plaintiff's constitutional rights under Section 1983, you are unable to compute compensatory damages except by engaging in pure speculation and guesswork. Therefore, if you find that

plaintiff did not prove injuries as a result of the defendant's conduct other than a deprivation of a constitutional right, you must award nominal damages not to exceed one dollar.

### D.    Punitive Damages

Plaintiff seeks punitive damages in this litigation. If plaintiff has proven by the preponderance of the evidence that a defendant is liable, then you may, but you are not required, to determine whether that plaintiff is entitled to punitive damages.

You may award punitive damages if the plaintiff proves by a preponderance of the evidence that the defendant's conduct was malicious and reckless, not merely unreasonable; that is, you may award punitive damages if a defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.  An act is malicious and reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others.  The purpose of punitive damages is to punish for shocking conduct and to set an example in order to deter him and others from committing similar offenses in the future.  In other words, punitive damages may be awarded only if you find that a plaintiff has proven that a defendant acted so outrageously and evidenced such a degree of malice or callousness that the defendant needs to be punished and an example needs to be set in order to deter defendant and others from similar conduct in the future.

Because this case involves multiple defendants, you must award punitive damages, if any, only against the particular defendant that a plaintiff has proven are merited for that defendant.  Just as for liability, as to punitive damages, each defendant is entitled to separate and individual consideration, without regard to your decision as to any other defendant.

In deciding whether to award punitive damages, you should consider whether any defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages, standing alone, are likely to deter or prevent the defendant from similar wrongful conduct in the future, or whether punitive damages are necessary to provide deterrence. You should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those a defendant may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which the defendant should be punished for his wrongful conduct, and the degree to which an award of one amount or another will deter him or persons like him from committing wrongful acts in the future. You must use sound reason in setting the amount—it must not reflect bias, prejudice, or sympathy toward any party.

### E.       Multiple Claims and Multiple Defendants

Plaintiff alleges claims against each of the six defendants. You must be careful to impose any damages that you may award on a claim solely upon the defendant or defendants who you find to be liable on that claim. Although there are six defendants in this case, it does not follow that if one is liable, the others are liable as well. Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other defendants. If you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only upon that defendant. If you decide that two or more of the defendants are liable

20

for violating plaintiff's rights, then you must determine the amount of damages for which each defendant is liable, bearing in mind that the plaintiff is only entitled to recover for an injury once. Thus, you must first agree on the appropriate amount of damages, if any, that plaintiff has proven for any injury for which you have determined that a defendant is, or multiple defendants are, responsible.

## IV.    DELIBERATIONS OF THE JURY

Ladies and gentlemen of the jury, that concludes the substantive portion of my instructions to you.  You are about to go into the jury room and begin your deliberations.  I will now give you a few final instructions on those deliberations.

### A.    Selection and Duties of Foreperson

It is customary for Juror Number 1 to serve as the foreperson, and that is what we will do here.  The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  The foreperson will send out any notes, and when the jury has reached a verdict, the foreperson will notify the marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

### B.    Right to See Exhibits and Hear Testimony; Communication with the Court

All of the exhibits admitted into evidence will be sent to the jury room with you.  If you want any of the testimony read, you may request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Your requests for testimony – in fact any communications with the Court – should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the marshals.

21

Please make any notes as clear and precise as possible.  Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached and announced in open court by your foreperson.

### C.    Notes

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory.  Do not share your notes with other jurors during deliberations.  Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  All jurors' recollections are equal.  If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

### D.    Duty to Deliberate; Unanimous Verdict

Shortly, you will retire to decide the case.  You are not to discuss the case unless and until all jurors are present.  A majority of jurors together are only a gathering of individuals.  Only when all jurors are present do you constitute the jury, and only then may you deliberate.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Discuss and weigh your respective opinions

22

dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans.  You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.  Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

If you are divided, do *not* report how the vote stands and if you have reached a verdict do not report what it is until you are asked in open court.

### E.     Verdict Form

In a few moments, I will give you the verdict form with the questions for you to answer and you will retire to deliberate your decision.  The questions are not to be taken as any indication that I have any opinion as to how they should be answered.  I have no such opinion, and even if I did, it would not be binding on you.

You should answer every question except where the verdict form indicates otherwise.  You should also proceed through the questions in the order in which they are listed.  Remember, all answers must be unanimous.

**F.      Return of Verdict**

After you have reached a verdict, your foreperson will fill in the form that has been given to you, you will all sign and date it, and your foreperson will advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced and officially recorded, it cannot ordinarily be revoked.

## V.      CONCLUSION

In conclusion, gentlemen, I am sure that if you listen to the views of your fellow jurors, consider all of the evidence, apply your own common sense, and follow my instructions on the law, you will reach a fair verdict here.  Thank you for your time and attentiveness.

24

Court Exhibit 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE BENN,

                              Plaintiff,

          -against-

CAPTAIN DELROY MORRISON, et al.,

                              Defendants.

Case No. 1:18-cv-722 (JLR)

**<u>ORDER</u>**

JENNIFER L. ROCHON, United States District Judge:

**<u>VERDICT FORM</u>**

**Question 1**
**Excessive Force**: Has plaintiff proved by a preponderance of the evidence that he was subjected to excessive force under Section 1983 by:

a.  Captain Morrison:          Yes _____          No _____

b.  Officer McNeill:              Yes _____          No _____

c.  Officer Landow:             Yes _____          No _____

d.  Officer Phillips             Yes _____          No _____

e.  Officer Powell:              Yes _____          No _____

f.  Officer Noel:                 Yes _____          No _____

*If you answered "No" to all of Question 1, your deliberations are finished. Please proceed to the final page and sign this form.*

*If you answered "Yes" to any of the questions above, proceed to Questions 2.*

**Question 2:**
**Failure to Intervene:** Has plaintiff proven, by a preponderance of the credible evidence, that any of the following defendants failed to intervene to prevent the use of excessive force by another defendant?  If you answered YES as to a particular Defendant for Question 1, you may not also answer YES for that Defendant for this Question.

a.  Captain Morrison:          Yes _____          No _____

b.  Officer McNeill:              Yes _____          No _____

c.  Officer Landow:             Yes _____          No _____

d.  Officer Phillips             Yes _____          No _____

e.  Officer Powell:              Yes _____          No _____

f.  Officer Noel:                 Yes _____          No _____

*(Please proceed to Question 3)*

**Compensatory Damages**
**Question 3:**
(a)     Has plaintiff proved, by a preponderance of the evidence, that he is entitled to compensatory damages for his excessive force and/or failure to intervene claim with respect to the following defendants:

      1.  Captain Morrison:     Yes _____     No _____

      2.  Officer McNeill:     Yes _____     No _____

      3.  Officer Landow:     Yes _____     No _____

      4.  Officer Phillips     Yes _____     No _____

      5.  Officer Powell:     Yes _____     No _____

      6.  Officer Noel:     Yes _____     No _____

(b)     If you answered YES to Question 3a, please write the amount of compensatory damages on the line below that Plaintiff has proven that would fairly and adequately compensate Plaintiff for any injuries proximately caused by his claims.

      1.  Captain Morrison:     $_____

      2.  Officer McNeill:     $_____

      3.  Officer Landow:     $_____

      4.  Officer Phillips     $_____

      5.  Officer Powell:     $_____

      6.  Officer Noel:     $_____

(c)     If you answered YES to Questions 1 and/or 2, but you did not award any compensatory damages to plaintiff on his claims, please enter a nominal damages award of $1.

      $_____

*(Please proceed to Question 4)*

3

**Punitive Damages**

**Question 4:**  If you answered YES with respect to any defendant listed in Question 1 and/or Question 2, has plaintiff proved, by a preponderance of the evidence, that he is entitled to receive punitive damages from that defendant:

a.  Captain Morrison:     Yes _____          No _____

   If you answered YES regarding this defendant, state the amount of punitive damages that you award plaintiff: _____

b.  Officer McNeill:       Yes _____          No _____

   If you answered YES regarding this defendant, state the amount of punitive damages that you award plaintiff: _____

c.  Officer Landow:       Yes _____          No _____

   If you answered YES regarding this defendant, state the amount of punitive damages that you award plaintiff: _____

d.  Officer Phillips:      Yes _____          No _____

   If you answered YES regarding this defendant, state the amount of punitive damages that you award plaintiff: _____

e.  Officer Powell:       Yes _____          No _____

   If you answered YES regarding this defendant, state the amount of punitive damages that you award plaintiff: _____

f.  Officer Noel:         Yes _____          No _____

   If you answered YES regarding this defendant, state the amount of punitive damages that you award plaintiff: _____

*(Please proceed to the last page, page 5)*

**You have completed all questions.  Please proceed to the signature line below.**

**SIGNATURE LINE**

Foreperson and other jurors, please sign and date the verdict sheet.  Then, without disclosing your verdict, advise the Marshal, that you have reached a verdict and are ready to return to the courtroom for the announcement of your verdict.

_____        _____
Foreperson


_____        _____


_____        _____


_____        _____


Dated:      _____

We would like to review the video recording of the extraction.

**EXHIBIT**
**9**
PENGAD-Bayonne, N. J.

Juror 1 *Alyx fury*          May 15, 2023
                                     2:21 p.m.

---

We have reached a verdict.

**EXHIBIT**
**10**
PENGAD-Bayonne, N. J.

Juror #1 *Alyx fury*          May 15, 2023
                                     3:56 p.m.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE BENN,

                Plaintiff,

          -against-

CAPTAIN DELROY MORRISON, et al.,

                Defendants.

Case No. 1:18-cv-722 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

## **VERDICT FORM**

**Question 1**

**Excessive Force**: Has plaintiff proved by a preponderance of the evidence that he was subjected to excessive force under Section 1983 by:

| | | | |
|---|---|---|---|
| a. | Captain Morrison: | Yes _____ | No __✓__ |
| b. | Officer McNeill: | Yes _____ | No __✓__ |
| c. | Officer Landow: | Yes _____ | No __✓__ |
| d. | Officer Phillips | Yes _____ | No __✓__ |
| e. | Officer Powell: | Yes _____ | No __✓__ |
| f. | Officer Noel: | Yes _____ | No __✓__ |

*If you answered "No" to all of Question 1, your deliberations are finished. Please proceed to the final page and sign this form.*

*If you answered "Yes" to any of the questions above, proceed to Questions 2.*

**Question 2:**

**Failure to Intervene:** Has plaintiff proven, by a preponderance of the credible evidence, that any of the following defendants failed to intervene to prevent the use of excessive force by another defendant? If you answered YES as to a particular Defendant for Question 1, you may not also answer YES for that Defendant for this Question.

| | | | |
|---|---|---|---|
| a. | Captain Morrison: | Yes _____ | No _____ |
| b. | Officer McNeill: | Yes _____ | No _____ |
| c. | Officer Landow: | Yes _____ | No _____ |
| d. | Officer Phillips | Yes _____ | No _____ |
| e. | Officer Powell: | Yes _____ | No _____ |
| f. | Officer Noel: | Yes _____ | No _____ |

*(Please proceed to Question 3)*

2

**Compensatory Damages**
**Question 3:**
(a)    Has plaintiff proved, by a preponderance of the evidence, that he is entitled to compensatory damages for his excessive force and/or failure to intervene claim with respect to the following defendants:

1.  Captain Morrison:    Yes _____    No _____

2.  Officer McNeill:    Yes _____    No _____

3.  Officer Landow:    Yes _____    No _____

4.  Officer Phillips    Yes _____    No _____

5.  Officer Powell:    Yes _____    No _____

6.  Officer Noel:    Yes _____    No _____

(b)    If you answered YES to Question 3a, please write the amount of compensatory damages on the line below that Plaintiff has proven that would fairly and adequately compensate Plaintiff for any injuries proximately caused by his claims.

1.  Captain Morrison:    $_____

2.  Officer McNeill:    $_____

3.  Officer Landow:    $_____

4.  Officer Phillips    $_____

5.  Officer Powell:    $_____

6.  Officer Noel:    $_____

(c)    If you answered YES to Questions 1 and/or 2, but you did not award any compensatory damages to plaintiff on his claims, please enter a nominal damages award of $1.

$_____

*(Please proceed to Question 4)*

**Punitive Damages**

**Question 4:** If you answered YES with respect to any defendant listed in Question 1 and/or Question 2, has plaintiff proved, by a preponderance of the evidence, that he is entitled to receive punitive damages from that defendant:

a.  Captain Morrison:    Yes _____          No _____

        If you answered YES regarding this defendant, state the amount of punitive damages that you award plaintiff: _____

b.  Officer McNeill:    Yes _____          No _____

        If you answered YES regarding this defendant, state the amount of punitive damages that you award plaintiff: _____

c.  Officer Landow:    Yes _____          No _____

        If you answered YES regarding this defendant, state the amount of punitive damages that you award plaintiff: _____

d.  Officer Phillips:    Yes _____          No _____

        If you answered YES regarding this defendant, state the amount of punitive damages that you award plaintiff: _____

e.  Officer Powell:    Yes _____          No _____

        If you answered YES regarding this defendant, state the amount of punitive damages that you award plaintiff: _____

f.  Officer Noel:    Yes _____          No _____

        If you answered YES regarding this defendant, state the amount of punitive damages that you award plaintiff: _____

*(Please proceed to the last page, page 5)*

4

**You have completed all questions.  Please proceed to the signature line below.**

**SIGNATURE LINE**

Foreperson and other jurors, please sign and date the verdict sheet.  Then, without disclosing your verdict, advise the Marshal, that you have reached a verdict and are ready to return to the courtroom for the announcement of your verdict.



Foreperson

Dated:  May 15, 2023